JACOB STAFFON v. THOMAS R. LYON ET AL.

*Public buildings — Failure to require bond from contractor — Material men.*

A manufacturer of brick who supplies a contractor, who has agreed to furnish the materials and erect a public building at an agreed price, with the brick used in the building, cannot be classed as a subcontractor, so as to deprive him of the protection of 3 How. Stat. § 8411a, which makes it the duty of public officers to require from a contractor for the erection of a public building a bond for the payment of all labor and material claims.[1]

Error to Mason. (McMahon, J.) Submitted on briefs February 1, 1895. Decided February 26, 1895.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*D. W. Reardon* (*John Galloway*, of counsel), for appellant.

*M. B. Danaher*, for defendants.

LONG, J. The facts in this case are admitted. The defendants, in the year 1885, were the duly-elected officers of the school district and constituted the school board of the city of Ludington. The school district authorized the building of a schoolhouse in the First ward of the city, and the board, after advertising for bids, let the contract for the building to the lowest bidder, Mr. John Briggs, for $6,073. The plaintiff at that time was a manufacturer of red brick. After Briggs was awarded the contract for the building, he arranged with the plaintiff to supply the

---

[1] For cases bearing upon the construction of 3 How. Stat. § 8411a, see *Weinberg v. Regents of University*, 97 Mich. 246, and note.

brick for the building, at $6.50 per thousand. Plaintiff began delivering the brick on November 25, 1885, and continued to deliver until he had furnished upon the ground 89,000. The school board had a meeting in March, 1886, at which it was voted to change from red to white brick for the outside of the building. After this meeting, Briggs said to the plaintiff that he could not use the brick already furnished, unless plaintiff furnished the balance required in white brick for the outside, and made the price $6 per thousand on the whole lot. Plaintiff, accepting this change in the price, procured and began delivering the white brick, until he had delivered of these 65,086, making the total of brick delivered 154,086. The entire brick were used in the building, and the building was completed and accepted by the school board from Briggs, under his contract, in the fall of 1886. The entire amount received by the plaintiff for the brick was $368, made in two payments, the last of which was made on July 31, 1886. The balance due him is $556.51. Plaintiff sought payment from Briggs, but could get nothing from him. He then saw the school officers about it, and informed them of the balance due, and that Briggs was financially irresponsible. At this time, August 10, 1886, the school board had about $2,000 in its hands to Briggs' credit, but the building was not then completed. It also appears that the school officers failed to require from Mr. Briggs, the contractor, the bond provided for by Act No. 94, Laws of 1883, as amended by Act No. 45, Laws of 1885, making it the duty of the board contracting on behalf of the district to require security, by bond, for the payment by the contractor and all subcontractors for all labor performed and materials furnished in the erection of the building. This action is in case against the defendants for the balance due to the plaintiff for the brick furnished, and is founded upon the negligence of the defendants in

failing to require the bond from Mr. Briggs, the contractor.

On the trial the court below directed verdict in favor of the defendants. It is apparent from the remarks of the learned judge that the reasons which moved him to give this direction to the jury were that there was some evidence which showed, or tended to show, that the plaintiff was a subcontractor, and that, therefore, the statute did not apply, as was held in *Avery v. Board of Supervisors,* 71 Mich. 538. We are, however, unable to find any evidence that the plaintiff was a subcontractor. Mr. Briggs took the contract at $6,073, and was to supply all the material for the building. The entire arrangement with the plaintiff was for brick to be delivered upon the ground at $6.50 per thousand, which was afterwards changed to $6 per thousand. It is true that some talk was had between the plaintiff and different members of the board about using his brick, and they were left a sample of the brick. He also had some talk with the different members about a change from red to white brick, and some claim is made that it was done for the plaintiff's benefit. But this does not show or tend to show that the plaintiff stood in any other relation to the board or to Mr. Briggs than as a material man. He was furnishing the brick, not for a lump sum, as under a contract, but was to supply them as would any other material man supply the lime or sand or other articles to be used in the building, at so much per thousand, per barrel, or load. Clearly, he could not be classed as a subcontractor. The case is ruled by *Owen v. Hill,* 67 Mich. 49; *Plummer v. Kennedy,* 72 Id. 301; *Wells v. Board of Education,* 78 Id. 268; *Weinberg v. Regents of University,* 97 Id. 246.

Judgment reversed, and a new trial ordered.

The other Justices concurred.