RAYNES v. THE KOKOMO LADDER AND FURNITURE
COMPANY ET AL.

[No. 18,670.    Filed October 24, 1899.]

HARMLESS ERROR.—*Overruling Demurrer to Answer.*—*Practice.*—The overruling of a demurrer to a paragraph of answer, though erroneous, is harmless, where the matters pleaded are admissible under a general denial in another paragraph.  *pp. 316, 317.*

LIENS.—*Work and Labor.*—*Statute Construed.*—The persons to whom labor liens are secured by the provisions of §§5206c, 5293 Horner 1897 are mechanics and others who perform manual labor about any shop.  A general manager of the shop does not come within the statute.  *p. 317.*

From the Howard Superior Court.  *Affirmed.*

*Lex J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellees.

DOWLING, J.—Action on a claim against the Kokomo Ladder and Furniture Company, an insolvent manufacturing corporation, for work and labor alleged to have been performed by appellant for said company, and to enforce a statutory lien and preference to satisfy such claim.  The Citizens National Bank, and one Benjamin I. Harter, were made defendants to answer as to their interests in the property of the corporation.  Pending the suit, the corporation made an assignment for the benefit of its creditors, and Bruner, the trustee, was thereupon joined as a defendant.  Appellant asserted a lien on all the property, real and personal, of the company, and the right to have the sum due him paid as a preferred claim by virtue of the provisions of §§7058 and 7255, Burns 1894, §§5206c and 5293 Horner

1897, giving such liens and preferences to laborers, and persons performing mechanical and manual labor in certain cases.

The defendants, the Citizens National Bank and Harter, by their separate answers, denied the matters stated in the complaint, and each, in a second paragraph of answer, set up certain mortgages on the property of the corporation held by them respectively, which were alleged to be prior in time and superior in equity to the claim of appellant. A third paragraph of a joint answer to so much of the complaint as related to appellant's supposed lien, and his right to a preference in payment, was filed by all the defendants below. In this paragraph it was averred that, at the time named in the complaint, appellant was a stockholder, director, and officer of the Kokomo Ladder and Furniture Company, and was then and there acting as its general manager; that all the services rendered by him were performed as such general manager, and were within the scope of his official duty. Reply in two paragraphs, the first being a general denial; the second admitting that appellant was a stockholder, but denying that he was a director or other officer, and reasserting that he was at all times during his whole period of service employed as a common laborer.

Trial by the court, and a finding in favor of appellant as a general creditor only. Motions for a new trial, in arrest of judgment, and to modify the judgment were made and overruled.

The errors assigned and discussed are, the overruling of appellant's demurrer to the third paragraph of the joint answer of the appellees; the sustaining of the demurrer of the appellees to the second paragraph of the reply to the third paragraph of the joint answer; and the overruling of the motions of appellant in arrest of judgment, and for its modification.

We regard the rulings of the court upon the demurrers as unimportant, for the reason that the matters stated in

each of the pleadings to which the demurrers were addressed were admissible under the general denial, which was filed by each of the parties, to the answer, and reply of the other. Neither the third paragraph of the joint answer, nor the second paragraph of the reply to the third paragraph of the joint answer was necessary, and each of these pleadings amounted only to an argumentative denial. The complaint charged that the appellant performed the services described, as a common laborer, and that the sum demanded was due to him as wages for such labor. This was denied by the first paragraph of the joint answer, and thereby a complete issue was formed. The rulings complained of, even if incorrect, were harmless.

The fourth error assigned is upon the denial of the motion for a new trial, and it is insisted that the finding of the court is not sustained by sufficient evidence and is contrary to law. The view urged upon us is that the evidence, without contradiction, establishes the fact that the sum due appellant was for wages earned by him as a common laborer, and in no other capacity.

The principal issue of fact in the case was whether the appellant was employed and acted as a mechanic and laborer, or as general manager. The court found that he was not a laborer. There was evidence which authorized the conclusion that he was the general manager. If he was the general manager, and not a mechanic or laborer, then the finding that he had no lien and was not entitled to preference over certain other classes of creditors, was not erroneous. The persons to whom such liens and preferences are secured, by the provisions of §§7058 and 7255 Burns 1894, §§5206c and 5293 Horner 1897, are mechanics and laborers employed about any shop, etc., who perform manual and mechanical labor. A general manager is not included either in the letter or spirit of these enactments. In speaking of the kind of services which entitled the laborer to the benefit of a similar statute, it is said in *Wakefield* v. *Fargo*, 90 N. Y. 213,

"That he who performs them must be of a class whose members usually look to the reward of a day's labor, or service, for immediate or present support, from whom the company does not expect credit, and to whom its future ability to pay is of no consequence."

In *Pendergast* v. *Yandes*, 124 Ind. 159, 8 L. R..A. 849, which is much relied upon by appellants, the court say: "While the appellant in this case was called superintendent, it is shown that he was not an officer of the company, nor was he general manager or a general agent." The necessary inference from this statement is, that if the appellant in that case had been shown to be a general manager, or even a general agent, he would not have been within the protection of the statutes securing preferences to laborers.

In our opinion, the finding of the court is sustained by the evidence, and the motion for a new trial was properly overruled.

The judgment conforms to the finding, and the motion to modify it was without foundation. The motion in arrest is not discussed by appellant, and requires no notice from us.

Judgment affirmed.