## NATIONAL SUPPLY COMPANY v. STRANAHAN, RECEIVER, ETC.

[No. 20,227.   Filed January 7, 1904.]

MECHANIC'S LIENS.—*Insolvent Debtor.—Lien for Material.—Notice.*—The provision of the act of 1899 (Acts 1899, p. 569, §7255 Burns 1901), making certain claims against debtors in failing circumstances first liens without filing notice, refers to claims for wages of mechanics and laborers employed, and not to claims for materials furnished.

From Grant Superior Court; *Hiram Brownlee*, Judge.

Action by the National Supply Company against Benjamin J. Stranahan, receiver of the South Marion Coöperative Gas & Oil Company and the Harmony Gas & Oil Company. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*P. B. Manley*, *S. L. Stricler* and *I. C. Taber*, for appellant.

*H. M. Elliott* and *G. M. Elliott*, for appellee.

JORDAN, J.—Appellee is the receiver of two domestic incorporated companies known as the South Marion Coöperative Gas & Oil Company, and the Harmony Gas & Oil Company, each of which prior to the appointment of the receiver had its principal office and place of business at the city of Marion, Grant county, Indiana. After the appointment of the receiver herein, appellant filed with him, as such receiver, a claim for $1,214.13, which on June 6, 1902, he allowed as a general claim against the assets of the said companies in his hands. Subsequently

appellant petitioned the lower court to order and adjudge that this claim be considered and paid by the receiver as preferred indebtedness against said companies, under §7255 Burns 1901. The court, upon hearing the evidence, denied the prayer of the petition, and, over appellant's motion for a new trial, adjudged against it the costs of the proceedings under said petition. From this judgment it appeals, and relies for a reversal upon the ground that the court erred in overruling its motion for a new trial.

The facts which the parties in the lower court agreed the evidence in the case would establish, and upon which the case was submitted for trial, are as follows: On March 31, 1902, on the application of one Schaumleffel, appellee was by the lower court appointed the receiver of the two companies hereinbefore named, and duly qualified as such receiver. The claim filed by appellant and allowed by the receiver was for tools, machinery, and material furnished and sold by it to said companies, when they were going concerns, for the purpose of and was so used by them in repairing, constructing, and operating certain oil and gas-wells situated on leasehold estates owned and held by said companies in Grant county, Indiana. At the time of the sale of the said tools, material, and machinery by appellant, each of said companies was, and continued to be until the appointment of the receiver, engaged in the business of operating and constructing oil and gas-wells on the said leased premises. At the time the receiver was appointed, and for more than seven months prior thereto, both of the companies were in failing circumstances, insolvent, and unable to pay their debts. They, so far as the claim of appellant is concerned, are to be considered as one and the same company. Appellant's claim is an open account which commenced to run or accrue on August 30, 1901, and closed on March 19, 1902; and there was due and unpaid thereon on June 6, 1902, $1,214.13, which was the amount allowed by the receiver.

The money now in his hands accrued from and was received by him, as receiver, from the sale of certain leases and oil-wells, and from machinery, tools, and material attached thereto and connected therewith. It is conceded that no notice of the lien as prescribed by our mechanic's lien law was in any manner given.

Counsel for appellant contend that under the facts herein it is entitled to have its claim allowed and paid by the receiver as preferred indebtedness, by virtue of §7255 Burns 1901, without giving the notice as required by §7257 Burns 1901. Or in other words, counsel for appellant propound this question: "Does a person who furnishes material to another who is insolvent or in failing circumstances, or who thereafter becomes insolvent or in failing circumstances, which material is bought and sold to be used in, and which is in fact used in the erection, construction, and repairing of his oil or gas-wells, thereby acquire a preferred claim under §7255, *supra,* whether notice of lien has been filed or not?" This question must be answered in the negative. *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co.,* 160 Ind. 202.

Section 7255, *supra,* embraces §1 of an act "concerning liens of mechanics, laborers, and material men" enacted in 1883 (Acts 1883, p. 140), as amended in 1889 and 1899 (Acts 1889, p. 257, Acts 1899, p. 569). The section, as amended by the above amendatory acts, reads as follows: "That contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing material or machinery for the erection, altering, repairing or removing any house, mill, manufactory, or other building, bridge, reservoir, system of water-works or other structure, or for constructing, altering or repairing or removing of any sidewalk, walk, stile, well, drain, sewer or cistern, may have a lien separately or jointly upon the house, mill, manufactory or other building, bridge, reservoir, system of water-works or other structure,

sidewalk, walk, stile, well, drain, sewer or cistern which they may have erected, altered, repaired or removed, or for which they may have furnished material or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished or either; *and all claims for wages for mechanics and laborers employed in or about any shop, mill, wareroom, storeroom, manufactory or structure, bridge, reservoir, system of water-works or other structure, sidewalk, walk, stile, well, drain, sewer or cistern, shall be a first lien upon all the machinery, tools, stock of material, work finished or unfinished located in or about such shop, mill, wareroom, storeroom, manufactory or other building; bridge, reservoir, system of water-works or other structure, sidewalk, walk, stile, well, drain, sewer or cistern or used in the business thereof; and should the person, firm or corporation be in failing circumstances, the above mentioned claims shall be preferred debts, whether claim or notice of lien has been filed or not.*" (Our italics.)  The part of the section which we have embraced in italics was not contained therein as originally enacted in 1883, but was first inserted by the amendment of 1899.  The changes made by the amendatory act of 1899 in that part of the section which we have italicised were to extend the right of the lien awarded by the amendment of 1889 to "mechanics and laborers employed in or about any shop," etc., to other enumerated places, and to add the words "claim" and "or" thereby making the closing clause of the section read "whether *claim* or notice of lien has been filed or not."  (Our italics.)  Previous to the decision of the case of *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co., supra,* the holdings of this court in respect to the proper construction to be placed upon that portion of the section embraced in italics were not uniform, but were conflicting.

In *Goodbub* v. *Estate of Hornung,* 127 Ind. 181, it was held that all of the persons awarded liens as provided by the section as amended in 1889 were, in the event the debtor was in failing circumstances, exempted from giving the notice of lien prescribed by §7257 Burns 1901, the same being §3 of the original act as amended in 1889. Or in other words, it was held in that appeal that under such circumstances all claims contemplated by the statute including those of contractors, material men, etc., as well as mechanics and laborers employed in or about any shop, etc., were made preferred debts "whether notice of lien had been filed or not."

In *McElwaine* v. *Hosey,* 135 Ind. 481, a construction or interpretation in regard to the statute was reached which was wholly irreconcilable with that given in *Goodbub* v. *Estate of Hornung, supra.* It was held in the McElwaine appeal that the exemption from giving the required notice in case of the debtor's insolvency did not extend to material men, but was confined alone to the claim for wages for mechanics and laborers employed in or about any shop, mill, storeroom, etc.

In *Jenckes* v. *Jenckes,* 145 Ind. 624, this court, by Howard, J., without either overruling *McElwaine* v. *Hosey, supra,* in express terms, or attempting to reconcile any conflict between the two cases, expressed views in respect to the construction of the statute which were entirely at variance with those announced in the McElwaine case.

By the decision of this court in *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co., supra,* the construction placed upon the provision of the statute in controversy by the holding in the McElwaine case was followed and declared to be a correct interpretation; and the cases of *Goodbub* v. *Estate of Hornung* and *Jenckes* v. *Jenckes, supra,* were expressly overruled to the extent of the respective conflict with the holding in that appeal.

It will be observed that the part of the section in question other than the provision herein involved provides for a lien in favor of the persons designated upon the buildings and other structures therein mentioned, and also fastens the lien upon the interest of the owner in the land upon which they stand, or with which they are connected, while the provision in controversy awards a first lien upon personal property only for "all claims for wages for mechanics and laborers employed in or about any shop," etc. It is then declared in effect, that, should the debtor "be in failing circumstances, the above mentioned claims shall be preferred debts whether claim or notice of lien has been filed or not." It is too evident to admit of serious controversy that the phrase "the above-mentioned claims" relates to or has for its antecedent the claims previously designated as the "claims for wages for mechanics and laborers employed," etc. The term "claims," as found in the clause "claims for wages," is the first express mention made in the section of that word. These are the class of claims which the statute intended should be made preferred debts in case the debtor was in failing circumstances, although no notice of lien had been filed as provided by §7257 Burns 1901. *Raynes* v. *Kokomo, etc., Co.,* 153 Ind. 315; *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co., supra.*

All other persons, viz., contractors, subcontractors, mechanics, etc., and all persons performing labor or furnishing material or machinery for the erection of any house, building, etc., to whom the right of a lien is awarded by the other provisions of §7255, *supra,* are required to give the prescribed notice, whether the debtor be in failing circumstances or not, in order successfully to avail themselves of the lien provided. It will be observed that §7258 Burns 1901 declares that "all liens so created shall relate to the time when the mechanic or other person began to perform the labor or furnish the material or machinery, and shall

have priority over all other liens suffered or created therefor, except," etc. As to what consideration should be given to the fact that the amendatory act of 1899 was passed after the decision of this court in *Jenckes* v. *Jenckes, supra,* is left an open question in the case of *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co., supra.*

We recognize the rule that where the language or terms of a statute have received a judicial construction, and such language or terms have been adopted into an amendatory act by the legislature, in the absence of anything to show an intention to the contrary upon the part of that body, the presumption is that it adopted such judicial construction. *Board, etc.,* v. *Conner,* 155 Ind. 484, and authorities cited. But this canon or rule relative to the construction of statutes is not, as the authorities affirm, entitled to be accorded much, if any, weight, where the particular act, prior to its amendment, had not received a uniform and settled construction by the higher courts of the State. The force of the rule in its application in the case at bar is very much weakened by reason of the fact, as we have previously shown, that the decisions of this court in regard to the proper construction upon the provision herein involved were not uniform, but were conflicting and virtually unsettled. Consequently, under these circumstances, the rule in question exerts little, if any, influence over the question in respect to the correct interpretation of the statute in controversy. Especially is this true where, as in this case, it is clearly disclosed by the plain language of the act that it would be unreasonable to accord to it any other construction or interpretation than that given to it in the appeal of *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co., supra,* and that which, after further consideration, we have reached in this appeal.

Without considering the fact that a part of appellant's claim was for tools sold and furnished by it to the companies in question, the facts establish that it was a material.

man and had filed no notice of its intention to hold a lien as required by §7257, *supra*. Therefore, if for no other reason, it was not entitled to have a lien declared in its favor.

Judgment affirmed.