Cline v. Beaver—183 Ind. 296.

---

## CLINE v. BEAVER.

[No. 22,410. Filed March 23, 1915. Rehearing denied June 1, 1915.]

APPEAL.—*Proceeding Commenced Before Board of County Commissioners.—Review.—Dismissal.*—Where a taxpayer appealed to the circuit court from an order of the board of county commissioners allowing a certain claim, and on motion of claimant the appeal was dismissed, such dismissal in effect confirmed the allowance made by the board; and the board, having been a necessary party to that appeal and in court for all the purposes thereof, even though no summons was served on it, was a necessary party to an appeal from such judgment of dismissal, and failure to

make it a party and properly perfect the appeal as to it, requires a dismissal.

From Huntington Circuit Court; *Abram Simmons,* Special Judge.

Action by John Q. Cline to contest an allowance by the Board of Commissioners of Huntington County to Henry Beaver. From a judgment of dismissal, the plaintiff appeals. *Appeal dismissed.*

*U. S. Lesh, C. K. Lucas* and *Claude Cline,* for appellant.
*W. A. Branyan, C. W. Watkins* and *W. E. Branyan,* for appellee.

ERWIN, C. J.—This action originated before the Board of Commissioners of the County of Huntington and is based upon an act of the legislature, approved March 6, 1911 (Acts 1911 p. 625). In pursuance to the act the county council of the county made an appropriation and on December 30, 1912, the board of commissioners allowed the claim in the sum of $12,000 as authorized by the act. Within thirty days from said date, appellant filed an affidavit alleging that he was a taxpayer of the county and as such was interested in said allowance and also filed his bond in the sum of $3,000 and prayed an appeal to the circuit court. In the circuit court the appellee, Beaver, appeared and filed his motion to dismiss the appeal. This motion was, by the court, sustained and on April 17, 1913, judgment dismissing the cause was rendered with costs against appellant. Exceptions were reserved to this action of the court and an appeal prayed to this court.

The bond was fixed at $3,000 and thirty days given to file the same. No bond was filed by appellant, but on June 3, 1913, appellant served notice upon appellee Beaver, and the clerk of the circuit court of his intention to appeal and within sixty days thereafter filed the transcript of the cause in this court, where he seeks to question the constitutionality of the act. No notice was served upon the board of commis-

sioners either before or since filing the record in this court, and it is not made party to this appeal. It was not only a proper but necessary party to a proceeding of this kind. *Eder* v. *Kreiter* (1907), 40 Ind. App. 542, 545, 82 N. E. 552. The dismissal of the appeal by the circuit court in effect confirmed the allowance made by the board of commissioners and it stands the same as if no appeal had been taken from its decision. The board was a party to the appeal taken by appellant, and was in the circuit court for all purposes without being served with summons. *Board, etc.* v. *Adams* (1881), 76 Ind. 504. The true test as to who are necessary parties to the record is, against whom can judgment be entered, or in whose favor could it be entered. If no motion to dismiss had been made the court would have been compelled to try the case *de novo* and to enter judgment for or against the board of commissioners. If the finding was in favor of appellee the judgment would not have been against appellant Cline, but the board of commissioners and it would have been bound by it. The failure to make the board a party to this appeal is fatal to appellant's right to maintain the same. *Abshire* v. *Williamson* (1898), 149 Ind. 248, 252, 48 N. E. 1027, and cases cited; Elliott, App. Proc. §162; *Bechtell* v. *Central, etc., Engineering Co.* (1914), 182 Ind. 568, 107 N. E. 73. Appeal dismissed.

NOTE.—Reported in 108 N. E. 231. As to effect of judgments against officers, see 105 Am. St. 204. See, also, 2 Cyc. 785.