TIPTON REALTY AND ABSTRACT COMPANY v. KOKOMO STONE COMPANY ET AL.

[No. 8,731. Filed December 10, 1915. Rehearing denied February 25, 1916. Transfer denied April 28, 1916.]

1. STATUTES.—*Remedial Statutes.—Construction.*—In ascertaining the persons or classes that come within the provisions of a remedial statute, the courts apply the rule of strict construction, but in order to give effect to the statute as to those who come within its provisions it will be liberally construed. p. 687.

2. WORDS AND PHRASES.—*"Subcontractor."*—The term "subcontractor" does not ordinarily include materialmen and will not be held to do so unless it clearly appears from the context of the act or writing in question that it was so intended. p. 687.

3. HIGHWAYS.—*Improvements.—Assignment of Estimates and Money.*—*Rights of Materialmen.—Statutory Provisions.*—Where the contractor for the improvement of certain highways assigned all the estimates and moneys to be paid on said improvements to a firm which agreed to furnish money for the contractor's payroll, another firm which furnished gravel used in the construction was not entitled to have the funds retained for the payment of its claim under the act of March 4, 1911 (Acts 1911 p. 437, §§5901a, 5901b Burns 1914), passed shortly after such assignment, since §1 of said act provides for the retention of funds for subcontractors and laborers

only, and while the provisions of §2 include materialmen, it applies only to contracts awarded after the passage of the act, and there is nothing to warrant the construction that the legislature intended the benefits of §1 to extend to materialmen.    p. 688.

4.   HIGHWAYS.—*Improvement.*—*Rights of Materialmen.*—One furnishing gravel used in the improvement of highways is not entitled to preference in the allowance of his claim, independently of statute, as against one who furnished money for the contractor's pay roll under an assignment by the contractor of the estimates and moneys to be paid for such improvement.    p. 689.

From Howard Circuit Court; *Wm. C. Purdum,* Judge.

Proceedings for the improvement of certain highways. From a judgment of the circuit court in favor of the Kokomo Stone Company and others, the Tipton Realty and Abstract Company appeals. *Reversed.*

*Gifford & Gifford* and *Bell, Kirkpatrick & Voorhis,* for appellant.

*E. A. Mock* and *Blacklidge, Wolf & Barnes,* for appellees.

FELT, P. J.—In March, 1910, the firm of Davis & Booher, duly entered into a written contract with the board of commissioners of Howard County, Indiana, to construct the Stephen Lineback free gravel road for $5,689.   In May of the same year the same parties contracted for the construction of the Frank Jackson free gravel road for the sum of $6,940.   In September of the same year, the same parties contracted for the construction of the A. E. Hoon free gravel road for the sum of $6,363. By the terms of the contract, Davis & Booher agreed to construct the roads according to the profile, plans and specifications adopted for each of the roads and to "pay for all labor and material that shall have been furnished either to him or to any subcontractor, agent or superintendent under him".   On May 27, 1911, Davis & Booher en-

tered into a contract with appellant, "Tipton Realty and Abstract Co.", a partnership composed of Cleon W. Mount, Benjamin F. Leavill, Nicholas Martz and Peter O. Duncan, by the terms of which contract appellant agreed to furnish Davis & Booher the money for biweekly pay rolls for the construction of said roads, in consideration of which they assigned to appellant "all the estimates and moneys to be paid on said improvements" and authorized appellant to receive the money and the county officials to draw the warrants therefor in favor of appellant. The contract further provided that, on completion of the roads and payment of all 'costs occasioned thereby including $2 per day for time actually employed on the work by the contractors, appellant was to receive one-third and Davis & Booher two-thirds of the balance due on the contracts.

On May 27, 1911, Davis & Booher executed an instrument in writing directed to the board of commissioners and auditor of Howard County, Indiana, which recites that, "you are hereby notified that we have sold, assigned and transferred to the Tipton Realty and Abstract Co. all the estimates and moneys that will be due us on the following highway improvements," naming them, "and you are hereby empowered and requested to draw warrants and pay all moneys and estimates that will be due us on said roads in favor of said Tipton Realty and Abstract Co. for which this shall be your warrant." This instrument was filed in the auditor's office of Howard County, Indiana, on June 2, 1911. At the time the claims were presented out of which this suit arose, $8,392 was in the treasury of Howard County to be used in payment of the balance due for the construction of the aforesaid gravel roads. Of this amount

$4,023 was then earned and payable and appellant sought to have the same paid to it as assignee of Davis & Booher, to reimburse it for money advanced in pursuance of its contract with them.

The appellees filed claims with the auditor, aggregating $2,387 for gravel furnished from July to December, 1911, and in January, 1912, for the construction of the roads, and sought to have their claims declared prior to the claim of appellant and paid in full from the available funds. The money available was insufficient to pay appellees' claims in full and the sum demanded by appellant under its assignment from the contractors on money furnished to pay the labor bills. The board of commissioners allowed the claims of appellees in full and awarded the residue of the available funds to appellant, from which action appellant appealed to the Howard Circuit Court. Appellant then filed an amended answer to the several claims of appellees in which it set up in detail the facts and dates relating to the several contracts, transactions and claims of appellees. It also averred in substance that Davis & Booher on September 7, 1910, duly contracted for the construction of the Hoon, Lineback and Jackson free gravel roads and to secure the performance of such contract executed a bond with good and sufficient surety, payable to the State of Indiana in the sum of $44,232, by which the obligors bound themselves to construct the roads according to profiles, plans and specifications and to pay all labor and material bills of every kind and character incurred in the construction of the roads. It also averred the assignment to appellant of the estimates and money that should become due on the contract and asserted the right to have its claim allowed for money advanced by virtue of such assignment in

preference to the claims of appellees for material furnished after the estimates and money due the contractors were so assigned to it; that it had advanced more than $18,000 which had been used in paying labor and other bills in the construction of said roads. The claims of appellees were treated as refiled in the circuit court and were consolidated. The special answer of appellant was made to apply to each of the claims of appellees. The trial court found in favor of appellees; that their several claims ought to be paid in full from the available funds in preference to appellant's claim, and accordingly rendered judgment for the aggregate amount due appellees in the sum of $2,687. No judgment was rendered as to the residue of the available funds in the treasury of the county to be applied in payment of bills for the construction of the roads. The error assigned and relied on for reversal of the judgment is the overruling of appellant's motion for a new trial, which was asked on the ground (1) that the decision of the court is not sustained by sufficient evidence and (2) is contrary to law.

Appellees claim the right as materialmen to prior payment of their several claims from the available funds by virtue of the act of March 4, 1911, declaring an emergency for the immediate taking effect of the act. Acts 1911 p. 437, §§5901a, 5901b Burns 1914. Appellant claims the act of 1911 does not apply to materialmen who claim under contracts entered into prior to the enactment of the statute; that appellees have no right to priority over appellant to whom the funds were assigned prior to the filing of their claims; that materialmen are not included in §1 of the act in question; that the term "subcontractor" as used in §1 does not include materialmen. The act

686        APPELLATE COURT OF INDIANA,

Tipton Realty, etc., Co. v. Kokomo Stone Co.—61 Ind. App. 681.

of 1911, *supra*, provides in substance as follows: "That all boards of trustees of state institutions and commissioners appointed for the building of state buildings and all boards of county commissioners, township trustees or any other county or township boards authorized to contract for any public building or public improvement, and officers and boards authorized by the state, county or township to distribute funds and pay contractors for public buildings or any public improvements where contracts have or may hereafter be entered into through such officers, boards of commissioners for the erection of public buildings or any public improvement of the state, county or township or the repair thereof, such officers, boards, commissioners or trustees shall withhold full payment to the contractor until such contractor has paid to the subcontractors or laborers employed in such construction, all bills due and owing the same; *Provided*, There is sufficient sum owing to the contractor to pay all such bills, and if there is not a sufficient amount owing to such contractor on such contract to pay all of such bills, then the sum owing on said contract shall be prorated in payment of all such bills; *Provided*, Such sub-contractor or sub-contractors or laborers shall file with the trustees or board or commission their claim within thirty days from the completion of the work * * *." §5901a Burns 1914, Acts 1911 p. 437. "That after the passage of this act all contracts which are awarded to contractors for the construction of state buildings, or any county or township buildings or other public improvements provisions shall be made in the contract for the payment of labor and sub-contractors by withholding by the agents of the funds sufficient from the contract price to pay for labor and material and sub-

contractors, and the bond given by the contractor for the construction and erection of the building or buildings or public improvement or the repair thereof shall be so conditioned that the sureties thereon shall be liable for labor, material, and to sub-contractors; *Provided, however,* That laborers, materialmen and sub-contractors, shall file their claims with the agents of the state, county or township, within thirty days after the labor is performed or the material furnished." §5901b Burns 1914, Acts 1911 p. 437. "This act shall not be construed as conflicting with any other laws for the protection of labor, sub-contractors or materialmen, but is supplemental thereto." §5901c Burns 1914, Acts 1911 p. 437.

In ascertaining the persons or classes that come within the provisions of such remedial statutes, the courts apply the rule of strict construction, but in order to give effect to the statute as to those who come within its provisions it will be liberally construed. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 17, 87, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85; *Ryan* v. *State* (1910), 174 Ind. 468, 474, 92 N. E. 340, Ann. Cas. 1912 D 1341; *Deal* v. *Plass* (1915), 59 Ind. App. 185, 109 N. E. 51; *Rader* v. *A. J. Barrett Co.* (1915), 59 Ind. App. 27, 108 N. E. 883. The term "sub-contractor" does not ordinarily include materialmen and will not be held to do so unless it clearly appears from the context of the act or writing in question that it was so intended. *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 26 N. E. 784, 11 L. R. A. 740; *Caulfield* v. *Polk* (1896), 17 Ind. App. 429, 435, 46 N. E. 932; *Raynes* v. *Kokomo Ladder, etc., Co.* (1899), 153 Ind. 315, 317, 54 N. E. 1061;

*Staffon* v. *Lyon* (1895), 104 Mich. 249, 251, 62 N. W. 354; *Avery* v. *Board, etc.* (1888), 71 Mich. 538, 39 N. W. 742, 745; *Pitts & Cook* v. *Bomar* (1861), 33 Ga. 96, 97; *Merriman* v. *Jones* (1890), 43 Minn. 29, 44 N. W. 526, 527; *Duncan* v. *Bateman* (1851), · 23 Ark. 327, 328, 79 Am. Dec. 109. The foregoing conclusion is not in conflict with the conclusion reached in *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 357, 390, 101 N. E. 296, 44 L. R. A. (N. S.), 816, Ann. Cas. 1915 D. 917, where the liberal rule of construction was applied in determining the sufficiency of the title of the mechanics' liens act of 1883 to include contractors and subcontractors. Acts 1883 p. 140, §7255 Burns 1894.

If appellees derive any benefit from the statute it must be by reason of §1 which deals with officers and boards "authorized to contract for * * * public improvement * * * to distribute funds and pay contractors for public buildings or any public improvement *where contracts have or may hereafter be entered into* through such officers." Two classes for whom funds may be retained are mentioned four times in §1 and each time are designated as *subcontractors* and *laborers.* Section 1 which deals with contracts entered into before as well as after the passage of the act, provides a remedy for subcontractors and laborers that may be invoked by such persons independent of the provisions of §2. Section 2 is also remedial and its provisions apply to three classes, viz., subcontractors, laborers and materialmen. The section applies only to contracts awarded after the passage of the act and provides for the security of the classes named by stipulations to be inserted in the contract and bond of the contractor requiring the funds to be withheld for their benefit and expressly stipulating for the liability of sureties on

the bond "for labor, material and subcontractors."

Each section fully covers the subject with which it undertakes to deal and neither is ambiguous. Each is consistent throughout its several provisions and leaves no room for adding another class, materialmen, to those enumerated in §1, by construction or inference. The use of the phrase "materialmen" in §2 shows that it was not omitted from the first by inadvertence, or on the theory that materialmen were included in one of the classes designated in the section. If the latter suggestion were correct it would apply with equal force to the second section and there would have been no necessity for mentioning materialmen in it to enable them to claim its benefits. The express mention of materialmen in §2, if it has any bearing on the question at all, tends to show that materialmen were intentionally omitted from §1. Why they were not included in §1 was a question for the legislature and it is not our duty or province to undertake to answer the question in the face of the clear and unambiguous language employed in each of the sections. Neither are we authorized to enlarge the section by supplying the omitted class where as here the provisions are clear and each section may be given definite effect as enacted by the legislature. In such case it is the duty of the court to give effect to the statute as written and to do otherwise would be to enter upon an unwarranted field of judicial legislation. Appellees also contend that independent of the statute they are entitled to the preference given them by the trial court. It is not disputed that appellant

4. furnished money to pay labor and other bills incurred in the construction of the roads to an amount in excess of the sum for which it

asked an allowance. We see no merit in appellees'. contention and find no sufficient reason for the preference of appellees' claims over that of appellant either under, or independent of, the statute.

The motion to dismiss the appeal has been considered and is overruled. Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 110 N. E. 688. As to lien of materialmen, see 79 Am. Dec. 268. As to the right of subcontractor to protection of statute giving liens to "laborers", "mechanics", "workmen" and the like, see 30 L. R. A. (N. S.) 85. As to priority as between mechanic's lien claimant and assignee of claim due contractor, see 19 Ann. Cas. 435; Ann. Cas. 1913 D 514.