## WINFIELD *v.* McCASLIN.

[No. 22,589. Filed May 29, 1917.]

1. APPEAL.—*Questions Reviewable.—Failure to Except.*—No
question is presented for review as to the correctness of an
order dismissing an appeal to the circuit court from the board
of county commissioners where no exception was taken to such
order. p. 308.

2. COUNTIES.—*Appeal from Allowance of Claim.—Dismissal.—
Reinstatement of Allowance.*—Where an appeal to the circuit
court from an order of the board of county commissioners allowing certain claims was dismissed, the order of dismissal in
effect reinstated the allowance. p. 308.

3. COUNTIES.—*Allowance of Claims by Board of Commissioners.
—Appeal.—Parties.*—Where an appeal is taken to the circuit
court from an order of the board of county commissioners making certain allowances, the board is a necessary party to the
determination of the cause. p. 308.

4. COUNTIES.—*Claims.—Appeal to Circuit Court.—Judgment.—
Jurisdiction.—Parties.*—Where an appeal to the circuit court by
a taxpayer from an allowance of claims by the county commissioners was dismissed as to the board, the court had no
jurisdiction as to the board, which was a necessary party, and
the judgment rendered was, so far as the county was concerned,
a nullity. p. 309.

5. APPEAL.—*Dismissal.*—*Moot Question.*—*Costs.*—Where a taxpayer appealed to the circuit court from an allowance of claims by the county commissioners and the appeal was dismissed as to the board, the contest was moot as to the allowance, and, the only question remaining being the payment of costs, an appeal from the judgment of the circuit court will be dismissed, since the Supreme Court will not consider a cause on its merits to determine which party shall pay the costs. p. 309.

From Cass Circuit Court; *Joseph Claybaugh,* Judge.

From an allowance of certain claims by the Board of Commissioners of the County of Cass, Maurice Winfield, as an interested taxpayer, appealed to the circuit court. From the judgment there rendered, Winfield appeals. *Appeal dismissed.*

*Maurice Winfield, W. T. Wilson* and *Rabb & Mahoney,* for appellant.

*William N. Harding, Alfred R. Hovey, O. U. Newman* and *Charles E. Hale,* for appellee.

HARVEY, J.—Appellee's decedent filed with the auditor of Cass county three separate claims against the county. The claims were allowed by the board

1. of commissioners. Appellant, as an interested taxpayer, appealed from the action of the board to the circuit court. In the circuit court the board successfully moved that said appeal be dismissed as to the board. No exception was taken to the order of dismissal, and no question is here presented as to the correctness thereof. The board of commissioners was in no manner thereafter brought into the circuit

2. court in said causes, and the orders of the board allowing the claims were, by such dismissal, reinstated and so remain.

The three appeals were consolidated and tried as one cause between appellant, Winfield, and appellee,

3. McCaslin, administratrix, with the result in favor of appellee, sustaining the action of the

board. It thus appears that the county was not, in any way, directly or indirectly a party to the appeal or to the cause in the circuit court. The board was a necessary party. *Cline* v. *Beaver* (1915), 183 Ind. 296, 108 N. E. 231; *Eder* v. *Kreiter* (1907), 40 Ind. App. 542, 82 N. E. 552. The Cline case was an appeal from an order of the board. The Eder case was a suit by a taxpayer to recover money alleged to be owing the county by a former county clerk. The circuit court having no jurisdiction of the board, the judgment rendered by the circuit court is, so far as the county is concerned, a nullity.

The remaining contest in the circuit court was moot so far as the board's allowance was concerned, and only involved a contest as to costs between appellant and appellee, and this court will not consider a cause on its merits in order to determine which party shall pay the costs of the action. *State, ex rel.* v. *Lyons* (1909), 173 Ind. 278, 90 N. E. 72; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317, 71 N. E. 890. This appeal should be dismissed. Elliott, App. Proc. §162. *Abshire* v. *Williamson* (1897), 149 Ind. 248, 48 N. E. 1027. It is so ordered.

NOTE.—Reported in 116 N. E. 298. See under (1) 2 Cyc 727; 3 C. J. 931.