Tipton Realty, etc., Co. *v.* Kokomo Stone Co.—72 Ind. App. 121.

gence, any one of which might have caused the alleged injury. It will be seen that the instruction in controversy is an instruction on the burden of proof, and not an instruction which purports to set forth averments of the complaint that must be proved to entitle the plaintiff to recover. The instruction standing alone did not correctly state the law applicable to the case. Nevertheless, the court by other instructions told the jury that, in order to recover, it was only necessary for the plaintiff to prove some act of negligence set out in the complaint, and that such negligence was the proximate cause of the injuries of which complaint was made. The court also instructed the jury that "all the law applicable to the case is not embodied in any one instruction," but that "in construing any one instruction, the jury must construe it in the light of, and in harmony with every other instruction given." See *Indianapolis Traction, etc., Co.* v. *Miller* (1909), 43 Ind. App. 717, 88 N. E. 526. There was no reversible error in giving instruction No. 3.

Judgment affirmed.

---

TIPTON REALTY AND ABSTRACT COMPANY ET AL. *v.*
KOKOMO STONE COMPANY ET AL.

[No. 10,120.   Filed January 8, 1920.]

1. APPEAL.—*Judgment Against County Funds.—Reversal.—Failure to Make County Officers Party to Appeal.—Effect.*—In view of §7725 Burns 1914, Acts 1907 p. 572, making the board of county commissioners disbursing agents of the funds derived from the sale of highway bonds, where the circuit court, on appeal from the board of commissioners, determined that one claimant had a right of preference over another, and ordered the county auditor

to pay the claims allowed, and the dissatisfied claimant appealed, without *supersedeas*, and obtained a reversal, but failed to make either the county auditor or board of commissioners a party to the appeal, the circuit court, on remand, properly dismissed the appeals to it on a showing that the preferred claimant had been paid in pursuance to its judgment, as the county auditor and board of commissioners, not having been made parties to the appeal, were unaffected by it. p. 124.

2. APPEAL.—*Right of Appellate Tribunal to Act.—Jurisdiction.*—A court of appeal can only act where it has jurisdiction of the parties and the subject-matter, and if it lacks either, its acts, if it assumes jurisdiction, are void. pp. 124, 125.

From Howard Circuit Court; *William C. Overton,* Judge.

Proceedings for the improvement of certain highways in which claims were filed against the county of Howard by the Tipton Realty and Abstract Company, the Kokomo Stone Company, and others. From a judgment of the circuit court, dismissing appeals from the board of county commissioners, after reversal of judgment by the Appellate Court, the Tipton Realty and Abstract Company and others appeal. *Affirmed.*

*Gifford & Gifford* and *Bell, Kirkpatrick, Purdum & Voorhis,* for appellants.

*Earl B. Barnes, James C. Blacklidge, Conrad Wolf* and *Barnabas C. Moon,* for appellees.

ENLOE, J.—This is a second appeal of this case. For a statement of the facts out of which the controversy arose, see *Tipton Realty, etc., Co.* v. *Kokomo Stone Co.* (1916), 61 Ind. App. 681, 110 N. E. 688.

The several appeals from the allowances made by the board of commissioners were, by the agreement of all parties, consolidated in the Howard Circuit Court, where a trial was had before the court, result-

ing in a finding and judgment in favor of the said several claimants, materialmen, and directing that their said several claims be paid first out of said funds. The judgment, as the same relates to the appellee Kokomo Stone Company, was as follows: "It is now ordered, adjudged and decreed that the Kokomo Stone Company do have judgment against the Hoon Gravel Road fund in the sum of Eleven Hundred twenty-three and fifty-seven-hundredths ($1,123.57) Dollars, and the auditor of Howard County is ordered and directed to draw his warrant for said sum against the treasurer of Howard County, to be paid out of the funds in his hands on account of said construction of the A. E. Hoon Free Gravel Road." The judgment as the same related to each of the other said appellees, materialmen, was similar.

From this judgment the abstract company prosecuted a vacation appeal to this court, in which appeal no *supersedeas* was asked. On this appeal neither the board of commissioners of Howard county, nor the county auditor was made a party thereto, nor appeared to said proceedings. The judgment of the circuit court was, on said appeal, reversed, and said cause remanded to the Howard Circuit Court with the directions to sustain the motion of appellants for a new trial, and for further proceedings. *Tipton Realty, etc., Co.* v. *Kokomo Stone Co., supra.*

Upon said cause being redocketed in the circuit court, various motions were made by the several materialmen, some of which were sustained, and others overruled, but, in the view we take of this case, said rulings are not of controlling importance, and need not therefore be considered.

After said cause had been redocketed in the circuit court, the board of commissioners appeared in court and moved to dismiss said appeals, on the ground that since said appeals had been taken from the judgment of the board, in which it had made the allowance to said abstract company, as hereinbefore set out, the abstract company had received, and said Howard county had paid to said abstract company the several remainders of said funds so allowed to the abstract company on said several claims, as hereinbefore set out. Said motion further alleged that said county had paid to said materialmen the several sums so allowed to them severally, and that said county no longer had any funds in its hands as funds of said several highways.

This motion was duly verified, and, the facts stated therein not being controverted, it was sustained and said appeal dismissed, to which action of the court appellants excepted, and from which judgment of dismissal they prosecute this appeal.

Section 7725 Burns 1914, Acts 1907 p. 572, among other things, provides: "* * * The county treasurer shall sell bonds at not less than their face value, and the proceeds shall be kept as a separate and specific fund to pay for construction of the particular road or roads for which they were issued and to pay the costs incurred in the construction of the road, and the contractor for the construction of the same, to be paid by the said treasurer upon the warrant of the auditor, as directed by the board of commissioners."

A court of appeals can only act where it has jurisdiction of parties and subject-matter and, if it lacks either, its acts, if it assumes jurisdiction, are void.

Under the law the board of commissioners of Howard county was the named disbursing agent—trustee of the funds—arising from the sale of the bonds for the several roads. The funds were under its control for this purpose. They remained under its control even after the several appeals to the Howard Circuit Court, and said board was therefore a necessary party to said appeals, as the aim and purpose of the several claimants in said suits was to acquire these funds so held. The judgment of the Howard Circuit Court from which the first appeal was taken recognized the relation of the board to these funds, and the capacity in which they were held, when it ordered the auditor of said county "to draw his warrant on the treasurer of said county" in favor of said claimants severally, and disburse said funds. The board of commissioners not having been made a party to said former appeal, said judgment could not, so far as it affected said county, and its custody and disposition of said funds, under said former judgment of the Howard Circuit Court, be in any way changed or modified. As to it, the judgment of reversal was a nullity. The judgment could not be reversed as to part of the parties thereto, persons affected thereby, and left unchanged as to the others. It therefore follows that the former judgment of this court, in this cause, *Tipton Realty, etc., Co.* v. *Kokomo Stone Co., supra,* was not binding on the board of commissioners so far as said funds in its hands were concerned, and in no way affected said former judgment of the Howard Circuit Court in that behalf. *Winfield* v. *McCaslin* (1917), 186 Ind. 307, 116 N. E. 298; *Cline* v. *Beaver* (1915), 183 Ind. 296, 108 N. E. 231; *Crumpacker* v. *Manhattan Lumber Co.* (1916),

185 Ind. 493, 112 N. E. 525; *Lauster* v. *Meyer*s (1908), 170 Ind. 548, 84 N. E. 1087.

The judgment of the Howard Circuit Court, wherein it allowed and ordered said claims of said materialmen paid, was never, so far as said board of commissioners was concerned, appealed from. It remained in full force and effect, and the auditor, having drawn his warrants and the county having disbursed said funds in accordance with said judgment, the matter, so far as this litigation is concerned at least, was forever closed.

The circuit court did not err in dismissing said cause, and the judgment is therefore affirmed.