PEOPLE, *for use of* KUENZEL, *v.* NATIONAL CONSTRUCTION CO.

CONTRACTS—BONDS FOR PUBLIC IMPROVEMENTS — MATERIALMEN — WORDS AND PHRASES—SUBCONTRACTORS.

A person who agrees with the contractor to manufacture and furnish cement blocks for a public sewer, making the blocks with machines furnished by the contractor, without undertaking to perform any part of the original contract with the city, is not a sub-contractor but a materialman, entitled to recover on the bond of the contractor for the security of laborers and materialmen. 3 Comp. Laws, § 10743.

Error to Kent; McDonald, J. Submitted October 22, 1909. (Docket No. 150.) Decided December 10, 1909.

Assumpsit by the people of the State of Michigan, for the use and benefit of Alfred H. Kuenzel and Frederick W. Kuennan, against the National Construction Com-

pany, principal, and the United States Fidelity & Guaranty Company, surety, on a statutory bond. A judgment for defendants on a verdict directed by the court is reviewed by plaintiffs on writ of error. Reversed.

*Thomas P. Bradfield*, for appellants.

*Bundy, Travis & Merrick* and *Judah, Willard, Wolf & Reichmann*, for appellees.

OSTRANDER, J. This suit is brought upon the statute bond referred to in the opinion of this court in the case of Frederick W. Kuennan against these defendants. *Ante*, 122 (123 N. W. 799). That opinion is decisive of the defenses interposed by the defendants in the court below in this case, excepting only of the question whether plaintiffs were materialmen or were subcontractors. Being of opinion that they were subcontractors, the learned trial judge directed a verdict for defendants. The material facts are not disputed and may be stated in few words. The National Construction Company undertook to construct in and for the city of Grand Rapids a sewer according to certain plans and specifications. In the construction of the sewer, concrete blocks were used and these blocks were of different sizes as the sewer varied in its diameter. Six blocks of the same size, when in position, completed a circle. Plaintiffs manufactured and furnished 15,814 blocks, at an agreed price of 22 cents each, which were used in the sewer, and the construction company is indebted to them therefor in the sum of $1,-153.48. The steel molds in which the blocks were formed were furnished to the plaintiffs by the construction company. When plaintiffs entered into parol agreement with the construction company to furnish these blocks, the sewer was partly constructed and the concrete blocks theretofore used were made either by the construction company or by some one for it. Plaintiffs agreed to furnish so many as should thereafter be needed. Plaintiffs did not carry such blocks in stock, but had before manu-

factured similar blocks for use in a smaller sewer.   There is nothing novel in molding  concrete into the form of blocks, the size of the blocks varying as the particular use they are put to demands.   A block made in the form furnished  by the  contractor  in fact answered the requirements of  the  specifications as  to form and size, and also answered in these respects the contract between the plaintiffs and the contractors.   So if made of proper material, if properly hardened, and  if delivered for use at the sewer without being broken or  damaged, it answered the requirements of both contracts.   The number required would be  determined  by the length of the sewer to be made of them, and  the length of the sewer would be found by consulting the plans.   Nevertheless, it is clear that plaintiffs were concerned only to manufacture blocks of proper material in the forms  or molds which were furnished, to allow them to properly harden and to deliver them on the line of the sewer.   A block not according to specifications would be a block not conforming to the mold or one otherwise imperfect, and would be acceptable neither to the contractor nor the city.   It would be wholly immaterial whether it was rejected by an inspector employed by the contractor or by one employed by the city.   It is not always easy to determine whether one is a subcontractor or a materialman, though at various times attempts have been made to state a rule according to which the relation may be determined.   We think it is made clear in this case that plaintiffs never undertook to perform any part of the original contract with the city, however complete their knowledge of its requirements may have been.   They undertook to, and it appears that they did, perform their contract with the contractor, and the case upon the facts cannot be distinguished from *People, for use of Hirth,* v. *Powers,* 108 Mich. 339 (66 N. W. 215); *Staffon* v. *Lyon,* 104 Mich. 249 (62 N. W. 354). On the other hand, the facts are essentially unlike those appearing in *Avery* v. *Board of Sup'rs of Ionia Co.,* 71 Mich. 538 (39 N. W. 742); *People, for use of Winkle*

*Terra-Cotta Co.,* v. *Cotteral,* 119 Mich. 27 (77 N. W. 312); *People, for use of Reynolds,* v. *Banhagel,* 151 Mich. 40 (114 N. W. 669).

The judgment is reversed. As the record leaves it uncertain whether the amount due to the plaintiffs, if defendants are found to be liable, is agreed to, a new trial is granted.

GRANT, MONTGOMERY, MOORE, and McALVAY, JJ., concurred.