JAMES H. TOWER *vs.* HERBERT A. MILLER & others.

Bristol.     December 11, 1911. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Municipal Corporations. Notice. Statute,* Construction.

Under St. 1909, c. 514, § 23, a contractor or subcontractor who has furnished material for the construction of a school house under a contract made in behalf of a city by its mayor and its committee on city property, in order to obtain the advantage of the security provided for by the statute, must file a sworn statement of his claim within the required time "with such officers or agents" and a filing of his claim with the city treasurer is not a compliance with the statute.

MORTON, J. The defendant Miller contracted with the city of New Bedford, through the mayor and the committee on city property, for the construction of a schoolhouse. The plaintiff was a subcontractor with Miller. The Charles E. Hall Company was also a subcontractor with Miller. Both subcontractors furnished under their contracts with Miller materials which were used in the construction of the school house. The plaintiff filed with the mayor and committee on city property, within sixty days after the completion of his work, a sworn statement of his claim for the balance due him under his contract with Miller. The defendant Foster as the receiver of the Charles E. Hall Company had previously sent to the city of New Bedford, so addressed, a sworn statement of the balance alleged to be due to it under its contract with Miller,

which was duly received and filed by the city treasurer of New Bedford.

This is a bill in equity under St. 1909, c. 514, § 23, which is a re-enactment of St. 1904, c. 349, to reach and apply cash security alleged to be held by the city of New Bedford and applicable under said statute to the payment of the plaintiff's claim. The only question is whether the sworn statement, sent by the defendant Foster as receiver of the Charles E. Hall Company to the city of New Bedford and so addressed and received and filed by the city treasurer, conformed to the statute. If it did, then it is agreed that the defendant Foster is entitled to a decree in his favor. If it did not, then the plaintiff is entitled to a decree. The trial judge * found and ruled and made a decree in favor of the plaintiff. The defendant Foster appealed.

We think that the finding and ruling in favor of the plaintiff was right. The statute is as follows: "Officers or agents who contract in behalf of any county, city or town for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and subcontractors for labor performed or furnished and for materials used in such construction or repair; but in order to obtain the benefit of such security the claimant shall file with such officers or agents a sworn statement of his claim within sixty days after the completion of the work." St. 1909, c. 514, § 23. The matter is wholly one of statutory construction. The statement is to be filed "with such officers or agents." As the statute reads that can have only one meaning, and must mean the officers or agents who contract on behalf of the city or town for the construction or repair of the building. The reason for requiring it to be filed "with such officers or agents" is obvious. They would be familiar with the contract and it naturally would fall to them to look after its performance, and they would take up in the first instance any disputes or claims that might arise or be made in the course of the work or when the time for final settlement came. It is reasonable, therefore, that a statement of the nature provided for in the statute should be filed with them and not with the city or town or its treasurer. And such appears to have been the practice under

* *King*, J.

similar statutes.   See *Burr* v. *Massachusetts School for the Feeble-Minded*, 197 Mass. 357; *Friedman* v. *County of Hampden*, 204 Mass. 494; *Sampson Co.* v. *Commonwealth*, 202 Mass. 326.

*Decree affirmed with costs.*

*Lee M. Friedman*, for Albert J. Foster, receiver of the Charles E. Hall Company.

*R. A. Terry*, for the plaintiff, submitted a brief.