POWERS REGULATOR COMPANY *vs.* L. W. TAYLOR & others.
CLARK W. HOLCOMB *vs.* SAME.
NEW ENGLAND IRON WORKS COMPANY *vs.* SAME.

Bristol.   October 24, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Notice. New Bedford. Municipal Corporations. Officer. Words,* "File."

Under the provisions of St. 1909, c. 514, § 23, re-enacting St. 1904, c. 349, requiring a contractor or subcontractor upon a public work, in order that he may have the benefit of the security furnished under that statute, to file a sworn statement of his claim within sixty days after the completion of the work with the "officers or agents who" contracted "in behalf of the" municipality for doing of the public work, the persons with whom the statement must be filed are those who

at the time of the filing hold the offices which were held by those who signed the contract on behalf of the municipality.

Where the officers who signed such a contract on behalf of the city of New Bedford were the mayor and the chairman of the committee on city property of the council, such statements filed with persons who were, respectively, the mayor and the clerk of the committee on city property at the time of the filing are not sufficient.

Nor are statements filed with the mayor and the city clerk and the city treasurer a compliance with the statute.

*Whether* the requirement of the statute would have been satisfied if the statements had been given to the mayor and to the clerk of the committee on city property, and within the statutory period the chairman of the committee on city property had received the notice given to the clerk, was not decided.

If a claimant causes such a statement to be delivered to the proper officers by a deputy sheriff, the requirements of the statute are satisfied, the deputy sheriff being an agent for the claimant and not an officer engaged in the service of civil process.

The word "file" as used in the above statute is equivalent to "give notice to the officers," or "serve notice upon the officers;" and the statutory requirement is satisfied when the statements are delivered to and received by such officers, irrespective of what afterwards is done with them by the officers.

*Whether* such a statement by a subcontractor, filed eleven months after such subcontractor's contract was completed, nine months after the contractor ceased work leaving the contract uncompleted, and one month after the contract was completed by the surety on the contractor's bond, would comply with the requirement of the statute that the statement must be filed "within sixty days after the completion of the work," was not decided.

Where such a contractor fails to complete the work and the surety company on the bond furnished by the contractor under the requirements of the statute completes it in his stead and receives payment from the city for what it did, the city may deduct from the contract price the amount so paid to the surety company, and is required to pay to claimants who have satisfied the requirements of the statute and to the contractor only the balance of the contract price due after such deduction.

THREE BILLS IN EQUITY, filed in the Superior Court, the first two on September 21, 1912, and the third on June 3, 1913, respectively by the Powers Regulator Company, a corporation, by Clark W. Holcomb, doing business under the name and style, the New Bedford Boiler and Machine Company, and by the New England Iron Works Company, a corporation, against co-partners doing business under the name and style, L. W. Taylor and Company, the city of New Bedford and the Massachusetts Bonding and Insurance Company to reach and apply, in satisfaction of claims of the plaintiffs for work done and materials furnished as subcontractors to the defendants L. W. Taylor and Company in the performance of a contract with the defendant city for the

furnishing of the heating and ventilating apparatus for a new high school building, cash and bond security held by the city under the provisions of St. 1904, c. 349, re-enacted by St. 1909, c. 514, § 23.

Petitions for leave to intervene, based on similar claims, were filed by the Philip Carey Company, a corporation, Frederick W. and Clarence W. Smith, co-partners doing business under the name and style, Sidney Smith, the George Howard and Sons Company, a corporation, the Richmond Radiator Company, a corporation, James S. Grove, and Jenkins Brothers, a corporation. These petitions were allowed.

Edward E. Gillette, Frank B. Wilde and Clarence S. Voorheis, trustees in bankruptcy of L. W. Taylor and Company, also were made parties defendant and filed a cross bill claiming to be paid a balance due the contractor under the contract without any payments being made to the other claimants.

St. 1904, c. 349, § 1, re-enacted by St. 1909, c. 514, § 23, is as follows: "Officers or agents who contract in behalf of any county, city or town for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and for materials used in such construction or repair; but in order to obtain the benefit of such security the claimant shall file with such officers or agents a sworn statement of his claim within sixty days after the completion of the work."

An ordinance of the city of New Bedford provided as follows: "All contracts authorized by the city council, or either branch thereof, shall be in writing and signed for and in behalf of the city by the mayor and chairman of the committee having the matter in charge, the form of contract first being approved in writing by the city solicitor."

The order of the council of the city of New Bedford, authorizing the contract in question, contained the following clause: "And the mayor and chairman on city property are hereby authorized and directed to execute for and in behalf of the city of New Bedford the necessary contract therefor." The contract accordingly on December 31, 1909, was signed on behalf of the city by William J. Bullock, mayor, and Frank W. Francis, chairman of the committee on city property.

In the years 1910–1913, inclusive, Charles S. Ashley was mayor. In 1912 John Hannigan, and in 1913 Clifton W. Bartlett were, respectively, chairmen of the committee on city property.

The cases were consolidated and referred to a master who found, among others, the following facts:

L. W. Taylor and Company ceased work on the contract with the city on June 29, 1912, and on that date were declared bankrupt. The bonding company completed the contract on February 27, 1913. The contract price was $42,300. The city paid the contractor $35,286.11 and the bonding company $2,732.28, leaving a balance of $4,281.61, all of which the trustees in bankruptcy of L. W. Taylor and Company contended should be paid to them.

The amounts due the plaintiffs and intervening claimants were as follows: The Powers Regulator Company, $1,548.35; Clark W. Holcomb, doing business as the New Bedford Boiler and Machine Company, $353.75; the Philip Carey Company, $4,855.55; Sidney Smith, $276.50; George Howard and Sons Company, $1,125.46; New England Iron Works Company, $449.89; Richmond Radiator Company, $890.50; James S. Grove, $660; Jenkins Brothers, $1,234.36.

Sworn statements, purporting to be in compliance with the statute above quoted, which required such statements to be filed by the claimants with the officers or agents who contracted in behalf of the city, were found by the master to have been given as follows:

The New England Iron Works Company caused statements to be delivered in hand by a deputy sheriff to Mr. Bullock, who was mayor when the contract was signed, to Mr. Ashley, who was mayor when the notice was given, to Mr. Francis, who was chairman of the committee on city property when the contract was signed, and to Mr. Hannigan, who was such chairman when the notice was given.

Jenkins Brothers sent statements by registered letters, which were received by the addressees, to Mr. Ashley, to Mr. Bullock, to Mr. Francis, and to one who was the clerk of the committee on city property at the time when the notice was given.

The Powers Regulator Company, the New Bedford Boiler and Machine Company and Sidney Smith caused their statements to

be delivered personally to Mr. Ashley and to the clerk of the committee on city property, and George Howard and Sons Company sent its notice to the same persons by registered mail and they were received by the addressees.

The Philip Carey Company sent its statements by registered letters addressed to the mayor, the city clerk, and the treasurer, and each of the letters was received by the addressee.

The Richmond Radiator Company and James S. Grove sent their statements by two registered letters, one sent July 13, 1912, and the other April 1, 1913, and the first addressed, "To the City of New Bedford, William J. Bullock, its Mayor, and Frank W. Francis, Chairman of its Committee on City Property, or their successors in office," and the second addressed, "To the City of New Bedford, its Mayor and the Chairman of its Committee on City Property." Both statements were received by Charles S. Ashley, then mayor.

The claim of Jenkins Brothers was for goods furnished. The last goods were furnished on April 28, 1912. The statement which it gave as above described was given on March 27, 1913.

The suit was heard on the master's reports by *Jenney, J.*, by whose order an interlocutory decree was entered overruling exceptions to the master's reports and confirming the reports, and a final decree was entered dismissing the bills as to all the claimants excepting the New England Iron Works Company and Jenkins Brothers, directing the defendant city to pay to the New England Iron Works Company $575.86, to Jenkins Brothers $1,475.68, and to the trustees in bankruptcy of L. W. Taylor and Company the remainder of the sum of $4,281.61.

The Powers Regulator Company, the George Howard and Sons Company, the Richmond Radiator Company, the Philip Carey Company and the trustees in bankruptcy of L. W. Taylor and Company appealed.

*R. A. Terry*, for the Powers Regulator Company, submitted a brief.

*M. R. Hitch*, for George Howard and Sons Company.

*E. A. Taft & L. R. Chamberlin*, for the Richmond Radiator Company, submitted a brief.

*C. H. Baldwin*, for the trustees in bankruptcy of L. W. Taylor and Company.

*F. W. Bacon,* for the Massachusetts Bonding and Insurance Company.

*S. A. Dearborn,* for Jenkins Brothers.

*S. Robinson,* for the New England Iron Works Company, submitted a brief.

BRALEY, J.   The exceptions to the master's report having been overruled and the report confirmed by the interlocutory decree entered with the consent of the parties, the rights of the plaintiffs and interveners were left for determination on the pleadings and the findings of the master.   While there were seven claimants who either brought suit or were joined as interveners, the final decree dismissed the bills as to the bonding company, the contractor, and five of the claimants, and the case is before us only on the appeal of four of the defeated claimants, and the trustees in bankruptcy of the contractor, plaintiffs in a cross bill, asking that the amount due under the contract from the city be ascertained and payment to them decreed.   *Masters* v. *Wayne Automobile Co.* 198 Mass. 25.   We shall refer to the contesting claimants as the appellants.

The master reports that the appellants furnished materials, or labor and materials as subcontractors in the erection and completion of the building, and that the debts due therefor as set forth in their respective statements remain unpaid.   But, to obtain the benefit of the bond given to the city by the bonding company as security for payment by the contractor of their several demands, each appellant was required to file with the officers who contract in behalf of the city, "a sworn statement of his claim within sixty days after the completion of the work."   St. 1904, c. 349, re-enacted in St. 1909, c. 514, § 23.   The remedy being created by statute, a compliance with its provisions is requisite to the establishment of an equitable lien on the security.   *Tower* v. *Miller,* 211 Mass. 113, 114.   The reason why the claim should be filed as the statute requires is for the protection of the city as pointed out in *Tower* v. *Miller.*

It is plain that if the office is vacated by resignation or failure of re-election, the former incumbent owes no further duty of supervision and of administration to the municipality in whose behalf the contract was made.   While under § 23 the security taken, whether "by bond or otherwise," can be marshalled for the benefit

of those who perform or furnish labor or materials used,· § 22 confers upon workmen a right of action against the city for unpaid labor, and if the plaintiff recovers the city can obtain indemnity under the bond where the instrument so provides. St. 1904, c. 349, R. L. c. 25, § 57. But if the signatory officers are not continued in office until the contract is fully performed and for sixty days thereafter, their successors, clothed with the same powers, become the officers, with each of whom the claim is to be filed.

The officers during the entire period shown by the record who were empowered under the ordinances to execute contracts authorized by the city council for the erection of a new high school building were the mayor and the chairman of the committee on city property. If the mayor and chairman who signed for the city had continued in office, a filing of the claim with each of them would have satisfied the statute. But upon their retirement the claims should have been filed with their successors. The filing of a claim with the city clerk, or the city treasurer, or the clerk of the committee not having been authorized, and the claims of the appellants never having been filed with the mayor and with the chairman of the committee on city property in office when the alleged right of participation accrued, these debts were rightly disallowed.

We express no ·opinion on the question whether the filing would have been sufficient if it appeared that the chairman actually received the papers from the clerk of the committee before the limitation had expired.

The remaining questions are presented by the appeal of the trustees. The statements of the debt due to the New England Iron Company in proper form and within the time prescribed were delivered to the mayor and the chairman then in office by a deputy sheriff acting for the company, who is to be treated as its agent for this purpose, and not as an officer engaged in the service of civil process. The trustees urge that what was done did not constitute a filing within the statute.. But useless and vain formalities are not essential. The word "file" as there used is equivalent to the words "give notice to the officers" or "serve notice upon the officers" in the manner prescribed. It was unnecessary for the claimant's agent handling the papers to the officers to see what indorsement if any was made thereon, or to

ascertain where the papers were deposited. The claim was filed within the statutory requirement when delivered to and received by them. *Wood* v. *Simons,* 110 Mass. 116, 117. *Reed* v. *Acton,* 120 Mass. 130.

The claim of Jenkins Brothers should not have been allowed. The statement sent by registered letter to each of the officers who signed the contract and to the mayor then in office and to the clerk of the committee on city property, although duly received, was not filed with the proper officers in conformity with the statute. It therefore becomes unnecessary to consider the further question whether this claim was seasonably presented.

The master having found that the contractor and bankrupt failed in performance, the city upon default was authorized under article five of the contract to complete the work and to deduct the cost from the contract price, and, even in the absence of this provision, it would have had the right of recoupment. *Hunter* v. *Boston,* 218 Mass. 535. *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 94, 95. The bonding company at the request of the city having performed the work which the master finds "was necessary to complete the contract, and that the price paid therefor, namely, $2,732.28, was reasonable," the city could rightly deduct the payment made to the company. *Pelatowsky* v. *Black,* 213 Mass. 428, 430, and cases cited. *Bernz* v. *Marcus Sayre Co.* 7 Dick. 275. And the sum remaining would constitute the fund which the claimants seek to charge in liquidation of their respective debts. *Burr* v. *Massachusetts School for Feeble-Minded,* 197 Mass. 357. *E. I. Dupont DeNemours Powder Co.* v. *Culgin-Pace Contracting Co.* 206 Mass. 585, 589, 590.

The decree is to be modified by the disallowance of the claim of Jenkins Brothers, and by correspondingly increasing the amount payable to the trustees, and as thus modified it is affirmed. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 409.

*Ordered accordingly.*