T. SHEA, INC. *vs.* CITY OF SPRINGFIELD & others.

Hampden.    April 15, 1925. — May 22, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Municipal Corporations*, Public works. ° *Equity Jurisdiction*, To enforce lien for public work. *Lien. Notice.*

A subcontractor under a contractor constructing a school building for a city could not enforce his rights under the provisions of a bond given by the contractor and a surety company in accordance with St. 1909, c. 514, § 23, unless he had given the notice specified in the statute

to the officers or agents who contracted on behalf of the city; and where such officers or agents were the "committee on city property," it was not sufficient that the claimant gave his notice to the city clerk and that the members of the committee on city property knew that such notice had been given and had discussed the claim among themselves.

BILL IN EQUITY against the city of Springfield and Arthur W. Falvey and International Fidelity Insurance Company, filed in the Superior Court on December 3, 1917, seeking payment to the plaintiff of a claim as subcontractor under the defendant Falvey.

The suit was referred to a master. On the question of notice, the master found as follows: "On the 12th day of March, 1917, the plaintiff left a sworn statement of his claim with the city clerk of the city of Springfield, but no such statement was filed with the city property committee, or any member thereof. The plaintiff called Alderman Hare, and, over the objection of the defendant, he was permitted to testify that he knew that Shea, Inc. had furnished material on the work, and that the plaintiff had filed with the city clerk a statement of its claim, and that the city property committee had discussed the claim among themselves but that no notice had been served on him, and he had seen no sworn statement. This testimony was received *de bene.* I now rule that it is immaterial, but if, as a matter of law, this ruling is erroneous then I find that Alderman Hare did know that the plaintiff furnished materials to Falvey which entered into the work and that he and other members of the city property committee had knowledge of the fact that a sworn statement had been filed with the city clerk. It was conceded that if a proper notice was given it was given within sixty days from the completion of the work, and I so find."

Other material findings by the master are described in the opinion. The suit was heard by *Weed,* J., by whose order there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed.

St. 1909, c. 514, § 23, reads as follows:

"Officers or agents who contract in behalf of any county,

city or town for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and subcontractors for labor performed or furnished and for materials used in such construction or repair; but in order to obtain the benefit of such security the claimant shall file with such officers or agents a sworn statement of his claim within sixty days after the completion of the work."

By St. 1920, c. 210, which went into effect after the bringing of this suit, the words, "with such officers or agents," were struck out and the words, "in the office of the county treasurer or in the clerk's office of the city or town," were substituted therefor, and in that form the statute now stands in G. L. c. 149, § 29.

The case was submitted on briefs.

*H. W. Ely, J. B. Ely, & W. A. McDonough,* for the plaintiff.

*F. G. Wooden & Harold P. Small,* for the defendant.

BRALEY, J. The defendant city on November 2, 1916, entered into a contract in writing with one Arthur W. Falvey for the construction of a building known as the "Hooker School." It was executed in behalf of the city by the committee on city property acting under a vote of the city council, which authorized the erection and equipment of the building at a cost not exceeding $242,000. The committee were officers or agents of the city and in compliance with St. 1909, c. 514, § 23, now G. L. c. 149, § 29, the city received a bond in the penal sum of $150,000, executed by Falvey as principal and the defendant, the International Fidelity Insurance Company as surety. The bond by the express words of the statute was security for payment by the contractor and subcontractors for labor performed or furnished and for materials used. *E. I. Dupont DeNemours Powder Co.* v. *Culgin-Pace Contracting Co.* 206 Mass. 585. *Powers Regulator Co.* v. *Taylor,* 225 Mass. 292. The master, to whose report no exceptions were taken, finds that Falvey abandoned the contract February 26, 1917, when the building was partially completed, and was adjudicated a bankrupt February 28, 1917. The plaintiff prior to the default had furnished materials which were actually used under

the contract and for which Falvey owed him $2,804.64. But, notwithstanding the validity of the debt, the statute also provides that to obtain the benefit of the bond, the plaintiff must file with the officers or agents of the city who contracted in its behalf a sworn statement of his claim within sixty days after the completion of the work. The statute which creates the remedy makes the notice a condition precedent to recovery, and, the plaintiff never having filed with the city property committee the statement required, cannot maintain the bill. It is immaterial that he filed such statement with the city clerk, of which the members of the committee had knowledge, or that they had informally discussed his claim.

We have considered the only question argued, and the decree dismissing the bill must be affirmed. *Tower* v. *Miller*, 211 Mass. 113. *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292, 297, 298.

*Ordered accordingly.*