## CHRISTMAN et al. v. SOUTHERN SURETY CO. et al.

District Court, W. D. Michigan, S. D.

Jan. 11, 1929.

Lawrence W. Smith, of Grand Rapids, Mich., for plaintiffs.

Knappen, Uhl & Bryant, of Grand Rapids, Mich., and C. C. Coulter, of Detroit, Mich., for defendants.

RAYMOND, District Judge.

This is an action brought to recover from the surety on a public contractor's bond the amount claimed to be due plaintiff for materials furnished for the construction of a sewer in the village of Spring Lake.

Motions for directed verdict made by both parties at the close of the proofs recognize that the determination of this case depends substantially upon the construction to be given that portion of section 2, of Act No. 384, of the Public Acts of Michigan of 1925, which relates to the notice of indebtedness or of furnishing materials to be given to officers or agents of municipalities by materialmen. A copy of section 2 is appended, the amendments made by this act being in italics.[1]

---

[1] Sec. 2. In the case of a subcontractor, he shall give notice in writing before payment is made for the work or materials, *or supplies* furnished by him, to the said board of officers or agents, that he is a subcontractor for the doing of some part of such work, which he shall spec-

The clear weight of authority is that such statutes are to be liberally interpreted in favor of the materialman and laborer with a view to effecting their purpose to require payment to those who have contributed by their labor and material to the erection of buildings, or the making of public improvements. Guaranty Co. v. Pressed Brick Co., 191 U. S. 416, 24 S. Ct. 142, 48 L. Ed. 242; U. S. for Use of Hill v. American Surety Co., 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; McQuillin Municipal Corp. (2d Ed.) § 2108, and cases cited. Interpretation should be with a view to effectuating the legislative purpose manifested by such enactments (St. Louis v. Construction Co., 175 Mo. App. 555, 158 S. W. 98; U. S. for Use of Hill v. American Surety Co., supra; Clow & Sons v. A. W. Scott Co., 162 Minn. 501, 203 N. W. 410; 25 R. C. L. 1012, 1013), which is not solely for the benefit of the materialman. In the case of Equitable Surety Co. v. McMillan, 234 U. S. 448, 456, 34 S. Ct. 803, 805, 58 L. Ed. 1394, it is said: "The public is concerned not merely because laborers and materialmen (being without the benefit of a mechanic's lien in the case of public buildings) would otherwise be subject to great losses at the hands of insolvent or dishonest contractors, but also because the security afforded by the bond has a substantial tendency to lower the prices at which labor and material will be furnished, because of the assurance that the claims will be paid."

The history of this class of legislation in Michigan is important. Act No. 94, Pub. Acts 1883 (3 Comp. Laws 1897 § 10743 et seq.), entitled "An act to insure payment of wages earned, and for materials used in constructing, repairing or ornamenting public buildings and public works," offered no protection to subcontractors, and in a number of cases arising thereunder and the amendment of 1905 the distinction between materialmen and subcontractors was made. See Avery v. Board of Supervisors, 71 Mich. 538, 39 N. W. 742; Hirth v. Powers, 108 Mich. 339, 66 N. W. 215; People v. Cotteral, 119 Mich. 27, 77 N. W. 312; People v. National Construction Co., 159 Mich. 133, 123 N. W. 801; People v. Finn, 162 Mich. 481, 127 N. W. 704. No notice of reliance upon or acceptance of benefits of the bond was required by that act as a condition precedent to action.

Act No. 187 of Pub. Acts 1905 (3 Comp. Laws 1915, § 14827 et seq.), included subcontractors among those entitled to the protection of the bond, but required as an express condition precedent to benefits thereunder that, "in the case of a subcontractor, he shall give notice in writing before payment is made for the work or materials furnished by him to the said board of officers or agents, that he is a subcontractor for the doing of some part of such work which he shall specify in his notice and that he relies upon the security of the bond by this act required to be given by the principal contractor, and that in the case of the giving of such notice to the said board of officers or agents said subcontractor shall also notify the principal contractor that he has done so, and whenever this shall have been done, the said subcontractor shall be entitled, subject to the rights of the persons with whom he has contracted for labor and materials, to the benefit of the security given by the principal contractor," etc. Section 2 (Comp. Laws 1915, § 14828).

ify in his notice and that he relies upon the security of the bond by this act required to be given by the principal contractor, and that in the case of the giving of such notice to the said board of officers or agents, said subcontractor shall also notify the principal contractor *and his sureties* that he has done so, and whenever this shall have been done, the said subcontractor shall be entitled, subject to the rights of the persons with whom he has contracted for labor, materials *or supplies* to the benefit of the security given by the principal contractor, and to be subrogated to the liens of the persons who have performed labor or furnished materials *or supplies* for such building, repairs or ornamentation, whom he shall have actually paid, but the subcontractor and the persons who shall have performed labor or furnished materials *or supplies* to him shall not in the aggregate be entitled to receive larger sums than may be required from the principal contractor under his contract with the subcontractor, nor shall this act be construed to change in any way the contract which may have been made between the principal contractor and the subcontractor, except when such contract shall attempt to relieve the principal contractor as against the demands of those performing labor or furnishing materials *or supplies* to the subcontractor. *All others, excepting those furnishing labor, relying upon the security given by the principal contractor, shall within sixty days of the date of the actual furnishing of materials or supplies serve a written notice in duplicate upon the board of officers or agents contracting on behalf of the state, county, city, village, township, or school district as aforesaid, that such contractor or subcontractor is indebted to them in a specified amount or for the furnishing of certain specified materials or supplies account of such con- on tract, and the said board of officers or agents shall within ten days thereafter furnish a copy of such notice to the sureties for the principal contractor.*

Act No. 384, Pub. Acts 1925, imposed additional duties upon the subcontractor, and provided for notice of claim of reliance upon the bond to be given by subcontractors relying on the bond, *to the sureties* of the contractor, and, in the case of materialmen, provided for notice as appears by the amendment.

The controlling question here presented is whether the notice required to be given by a materialman is a condition precedent to a right of action upon the bond. The·statutes of some jurisdictions clearly make the right to maintain action upon the bond depend upon giving the notice provided for therein. See Huggins v. Sutherland, 39 Wash. 552, 82 P. 112; Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133; San Dimas Quarry Co. v. American Surety Co., 30 Cal. App. 3, 157 P. 548; Otis Elevator Co. v. Long, 238 Mass. 257, 130 N. E. 265; Tower v. Miller, 211 Mass. 113, 97 N. E. 748; Power Regulator Co. v. Taylor, 225 Mass. 292, 114 N. E. 356; Shea v. City of Springfield, 252 Mass. 571, 147 N. E. 829; Greene County v. Southern Surety Co., 292 Pa. 304, 141 A. 27.

No case has been found in which such a notice has been held to be a condition precedent to action where not clearly made so by statute. It is noted that title 40, § 270, U. S. Code (40 USCA § 270), which provides for furnishing of an affidavit and the obtaining of a certified copy·of bond by materialmen and laborers on United States government contracts, has been uniformly construed in such manner as not to make compliance a prerequisite to the right to maintain an action. See Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 S. Ct. 140, 55 L. Ed. 72; United States v. Massachusetts Bonding & Insurance Co. (D. C.) 198 F. 923; American Surety Co. v. United States, 77 Ill. App. 106, Purington v. United States, 126 Ill. App. 323.

The amendments of 1925 were apparently made with discrimination and care. See House ·Journal 1925, pp. 176, 507, 1246. Giving due weight to the careful consideration section 2 must have received, and to the fact that the Legislature must have had in mind the distinctions between the rights and remedies theretofore afforded subcontractors and materialmen, not only suggested by the repeated decisions of the courts, but clearly indicated in section 2, the conclusion is irresistable that the Legislature, by failing to provide in the case of the notice to be given by materialmen that, "whenever this shall have been done," they "shall be entitled to the benefit of the security," unmistakably indicated its intent to preserve a substantial distinction between the two classes of creditors. Had the purpose been to make the filing of notice a condition precedent to a cause of action on the bond, it should have been under the existing state of judicial opinion and legislation, clearly expressed. Failure so to do, in the opinion of the court, indicates clearly the opposite intent.

Section 5 was added to the act by the 1925 amendment to include obligations for certain material and supplies within the benefits of the bonds. Many·obligations of public contractors are still beyond protection by the statute (e. g., borrowed money, purchase price or rental of machinery and equipment, ·board and lodging for men and teams, etc.). Sureties are generally entitled to have funds due from municipalities to contractors applied to the claims secured by the bond. The provisions of section 2 relative to notice by "all others" seem appropriate to enable the agents of municipalities to properly apportion money due on public contracts and to afford the surety an opportunity to know whether claims have been filed. No obligation rests on the municipality or surety to further extend their inquiries. A failure by materialmen to file in compliance with the statute which results in injury to the surety would probably be held to impose corresponding loss upon those so failing to comply. (See People v. Bowen, 187 Mich. 257, 153 N. W. 672; People v. Traves, 188 Mich. 415, 154 N. W. 120; People v. Connell, 195 Mich. 77, 161 N. W. 844). In the instant case there is no evidence of loss to the surety as the result of the default. Judgment will therefore be entered against defendant Southern Surety Company (other defendants not having been served with process) in the sum of $5,401.07, with interest at 5 per cent. from December 10, 1926, a total of $5,963.69.