SOUTHERN SURETY CO. v. George W. CHRISTMAN and George S. Christman d. b. a. Christman Lumber Company.

No. 5371.

Circuit Court of Appeals, Sixth Circuit.

Jan. 22, 1930.

Knappen, Uhl & Bryant, of Grand Rapids, Mich., and C. C. Coulter, of Detroit, Mich., for appellant.

Laurence W. Smith, of Grand Rapids, Mich., for appellees.

Before MOORMAN, MACK and HICKS, Circuit Judges.

PER CURIAM.

Judgment of District Court [43 F.(2d) 452] affirmed.

FRANKS v. UNITED STATES.

District Court, D. Oregon.

Oct. 28, 1929

Elton Watkins and Emmons, Lusk & Bynon, all of Portland, Or., for plaintiff.

George Neuner, U. S. Atty., and Livy Stipp, Asst. U. S. Atty., both of Portland, Or.

BEAN, District Judge.

This is an action on a war risk insurance policy. The plaintiff entered the military service of the United States in 1918, and while in service applied for, and there was issued to him, a war risk insurance policy for $10,000. He was honorably discharged in March, 1919, and thereafter continued to pay the premium on the policy until December, 1927, when there was issued to him, in lieu of the former policy, a five-year converted policy for a like amount, and upon which he has since continued to pay premiums. He later brought an action on the original policy, alleging that he was permanently and totally disabled at the time he was discharged, and has ever since been in that condition. The government demurs to that complaint on the ground that the plaintiff's rights, if any, are on the converted policy and not the original policy.

By the Act of June 2, 1926 (44 Stat. 686 [38 USCA § 512]) it is provided that not later than July 2, 1927, the term renewable insurance held by persons who were in the military service of the United States after April 6, 1917, shall be converted into other forms of insurance at his request, such as ordinary life, twenty-year payment, endowment insurance, five-year term, and that the premiums may differ from that in the original policy.

Now the substituted contract is a more advantageous contract from the viewpoint of the assured than the original contract, and in my opinion, in the absence of actual fraud or mistake, the substituted policy became a substitution for and superseded the earlier contract. Such is the holding of the Circuit Court of Appeals of this circuit in the Buzard Case, 33 F.(2d) 883. This, it is true, is a case of reinstatement of a policy, but in my opinion the same rule would apply to a converted policy, and therefore the demurrer will be sustained.