HOBART-FARRELL PLUMBING & HEATING CO. *vs.* WILLIAM KLAYMAN & others.

Norfolk.   March 7, 1939. — March 8, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Letter. Evidence*, Letter, Presumptions and burden of proof.

Upon introduction of evidence that a letter, containing a statement of a claim under a bond given by a contractor for a public work, properly addressed and with postage prepaid, failed to reach its destination, the artificial compelling force of the mailing as *prima facie* evidence of delivery disappeared, the issue was left to be decided on all the evidence without artificial weight given to either side of the balance, and a finding of nondelivery was not disturbed.

PETITION, filed in the Superior Court on October 4, 1937.

From decrees, entered by order of *Williams*, J., the petitioner appealed.

*G. W. Arbuckle*, (*O. V. Fortier* with him,) for the petitioner.

*S. Macmillan*, (*F. L. Wiegand, Jr.*, with him,) for the respondent Seaboard Surety Company.

*J. L. Sheehan*, for the respondent town of Avon.

LUMMUS, J.   This is a petition in equity to obtain the benefit of a surety company bond given as security under G. L. (Ter. Ed.) c. 149, § 29 (St. 1935, c. 472, § 2), to the respondent town by a contractor for the repair of a schoolhouse. The contractor owes the petitioner for labor furnished and materials used in installing a heating system in the schoolhouse. The statute cited provides that "to obtain the benefit of such security the claimant shall file in the office of the . . . town clerk a sworn statement of his claim" within a certain time. The only question is, whether such a statement was filed.

The evidence is not reported, and the master's conclusions do not appear to be based exclusively upon subsidiary findings stated. The master found that the petitioner's attorney mailed a sufficient statement, postage prepaid,

properly addressed to the town clerk, in season to be delivered in the ordinary course of mail within the time allowed by the statute. Though the return address of the attorney was on the envelope, it has never been returned. But the town clerk, whose office was at his house, testified that when asked to produce the statement he searched for one among his files and found none, and that "to the best of his knowledge" he never received such a statement. The master found that no such statement was ever received by the town clerk or his wife, who was his only assistant.

If neither the town clerk nor his only assistant ever received the statement, it could not have been filed in his office, for filing requires the placing of the document filed in the official custody of the filing officer. *Reed* v. *Acton*, 120 Mass. 130. *Gorski's Case*, 227 Mass. 456, 460. *Greenfield* v. *Burnham*, 250 Mass. 203, 210. *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292, 298. *Otis Elevator Co.* v. *Long*, 238 Mass. 257, 267. *McClintic-Marshall Co.* v. *New Bedford*, 239 Mass. 216, 222. *United States* v. *Lombardo*, 241 U. S. 73, 76. *In re Gubelman*, 10 Fed. (2d) 926, 929. *Berlin* v. *Commissioner of Internal Revenue*, 59 Fed. (2d) 996; 997. *Commercial Standard Ins. Co.* v. *Garrett*, 70 Fed. (2d) 969, 975. *Poynor* v. *Commissioner of Internal Revenue*, 81 Fed. (2d) 521.

After an interlocutory decree confirming the master's report, a final decree was entered, dismissing the petition as against the town and the surety company. The petitioner appealed from both decrees. It contends that on the facts found the conclusion was required that the statement was received by the town clerk.

The mailing of a letter properly addressed and postpaid (*Schneider* v. *Boston Elevated Railway*, 259 Mass. 564, 566) does not merely create a presumption (*Del Vecchio* v. *Bowers*, 296 U. S. 280; *New York Life Ins. Co.* v. *Gamer*, 303 U. S. 161; *Tyrrell* v. *Prudential Ins. Co.* 109 Vt. 6) but rather constitutes *prima facie* evidence (*Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564) of delivery to the addressee in the ordinary course of mail. *Huntley* v. *Whittier*, 105 Mass.

391. *Tobin* v. *Taintor*, 229 Mass. 174, 176. *Eveland* v. *Lawson*, 240 Mass. 99, 103. *Avisais's Case*, 285 Mass. 56, 58. *Liberty Mutual Ins. Co., petitioner*, 298 Mass. 75. As soon as evidence is introduced that warrants a finding that the letter failed to reach its destination, the artificial compelling force of the *prima facie* evidence disappears, and the evidence of nondelivery has to be weighed against the likelihood that the mail service was efficient in the particular instance, with no artificial weight on either side of the balance. That was the case here. The evidence presented a pure question of fact. The master, who saw and heard the witnesses, found against delivery, and we cannot disturb his finding.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*