COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
CITY OF MALDEN
(and two companion cases between the same parties).

Suffolk.    December 4, 1946. — February 13, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Taxation*, Distribution of taxes; Corporate franchise tax; Appellate Tax Board: appeal to Supreme Judicial Court, appeal to board. *Notice. Municipal Corporations*, Officers and agents. *Time.*

Where a statute provides for the giving of a notice to or the filing of a statement with a designated municipal officer, the giving of a notice to or the filing of a statement with a different municipal officer is invalid; and this is so even though the officer designated by the statute to receive the notice or statement knows that it has been given to or filed with the other officer. Per RONAN, J.

A letter by the commissioner of corporations and taxation to the mayor of a city stating "that there was no sum distributable to" the city in 1943 or 1944, did not comply with the provisions of G. L. (Ter. Ed.) c. 58, § 25, as amended, calling for a notice to the treasurer of the city, and did not entitle the city to appeal to the Appellate Tax Board from the commissioner's decision.

Upon an appeal from a decision of the Appellate Tax Board which recited, as to a notice by the commissioner of corporations and taxation to the treasurer of a city purporting to have been given under G. L. (Ter. Ed.) c. 58, § 25, as amended, "both parties treated [this letter] as a notice of determination by the commissioner that there was nothing due the city on account of franchise taxes paid by the electric company for the year 1944," no question of law as to the sufficiency of the notice was open in this court.

In the absence of a provision in § 25 of G. L. (Ter. Ed.) c. 58 as it stood in 1944, respecting the time within which an appeal to the Appellate Tax Board from the decision of the commissioner of corporations and taxation therein described should be taken, a reasonable time was allowed.

In the circumstances, an appeal under G. L. (Ter. Ed.) c. 58, § 25, as it stood in 1944, to the Appellate Tax Board from a decision by the commissioner of corporations and taxation, filed a little more than a month after notice of his decision, was taken within a reasonable time.

APPEALS from decisions of the Appellate Tax Board.

*C. A. Barnes,* Attorney General, & *W. G. Perrin,* Assistant Attorney General, for the Commissioner of Corporations and Taxation, submitted a brief.

*B. Kaplan,* City Solicitor, for the city of Malden.

RONAN, J.    These are three appeals by the commissioner of corporations and taxation from decisions of the Appellate Tax Board that the city of Malden is entitled to share in the proceeds of the corporate franchise tax paid in 1943 by the Malden Electric Company to the extent of $28,532.57, and to share in a similar tax paid by this company in 1944 to the extent of $29,894.76, and that the city is also entitled to share in the proceeds of the corporate franchise tax paid in 1943 by the Malden and Melrose Gas Light Company to the extent of $3,526.18.

The electric company was incorporated under the laws of this Commonwealth in 1888 for the purpose of "generating, selling and distributing electricity for light, heat and mechanical power, and carrying on a general electric light, heat and power business." It conducts this business in Malden, Melrose, Medford and Everett. Its principal place of business is located in Malden.

The gas company is a domestic corporation which, since its organization in 1854, has engaged in the business of manufacturing, distributing and selling gas for illumination,

cooking, heating, commercial and industrial purposes to customers in Malden, Medford, Melrose, Everett, Reading, Stoneham and Wakefield. Its principal place of business is in Malden.

While the commissioner has contended that the notices sent to the treasurer and assessors of the city under the dates of November 22, 1943, and November 13, 1944, were valid notices that he had decided that the city was not entitled to any portion of the corporate franchise taxes paid in 1943 and 1944 by the gas and electric companies, yet he has also contended that, if these notices were insufficient, the three appeals to the board ought to have been dismissed because no appeal would lie until after the city treasurer had been notified by the commissioner of his decision.

We first decide whether the two appeals by the city with reference to the 1943 taxes were prematurely taken because they were filed with the board before a proper notice had been given to the city treasurer.

The commissioner on November 22, 1943, sent to the treasurer and assessors of Malden a form letter advising them that the city had been credited with certain amounts received from the collection of taxes in 1943, listing and describing three items, with the statutory references, and showing the specific amount due to the city on each of these items. The letter, however, made no mention whatever of the corporate franchise taxes that had been collected from the gas and electric companies. There was nothing in it indicating that the commissioner had made any decision as to the share of the city in these taxes, much less that he had decided that nothing was due to the city. This letter cannot be held to constitute a notice that the commissioner had ascertained that no part of the proceeds of these taxes should be paid to the city. *Commissioner of Corporations & Taxation* v. *Springfield*, decided this day.

The mayor of Malden under date of September 18, 1944, wrote to the commissioner, stating that he had learned from the city controller that the city had not received its proportionate share of the corporate franchise taxes for the years 1943 and 1944, and requesting that the commissioner

inform him the reason the city had not been paid. The commissioner replied on September 21, 1944, "that there was no sum distributable to Malden in 1943 or 1944." The board found that this was the only notice that the city had received of the commissioner's determination that the city was not entitled to any share of the corporate franchise taxes paid in 1943 by the gas and electric companies, and that the letter to the mayor was a proper notice of the decision of the commissioner. The question is whether the letter constitutes the notice required by G. L. (Ter. Ed.) c. 58, § 25, as appearing in St. 1934, c. 323, § 3, as amended by St. 1941, c. 729, § 11. See now St. 1945, c. 687. It was the duty of the commissioner under § 25 to ascertain what amount, if any, was due to each town and to "notify the treasurer of each town thereof." Notice thereof must refer to a decision already made, *Checkoway* v. *Cashman Brothers Co.* 305 Mass. 470, 471, and notification imports actual receipt of the notice. *Liberty Mutual Ins. Co., petitioner,* 298 Mass. 75. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman*, 302 Mass. 508, 509.

The mayor is the chief executive officer of the city, having general supervision over the various municipal departments and the conduct of its officers and employees. A notice to him concerning a matter in which the city has a pecuniary or proprietary interest, or a right to protect or enforce, is generally regarded, in the absence of a statute to the contrary, to be a sufficient notice to the city. *Nichols* v. *Boston*, 98 Mass. 39. *Commercial Wharf Corp.* v. *Boston,* 194 Mass. 460. *Rollins* v. *Salem,* 251 Mass. 468. *Eastern Massachusetts Street Railway* v. *Mayor of Fall River,* 308 Mass. 232. But a statute may prescribe, as does § 25, the city official to whom notice is to be given or with whom a notice is to be filed. The purpose of § 25 providing for notice to the city treasurer is to make certain that the municipal officer who is in immediate charge of its financial affairs, the receipt of its revenues and the disbursement of its funds, is apprised of the decision of the commissioner, in order that he may see that all sums to which the city is entitled are credited to it in settling its accounts with the

Commonwealth and, if the decision of the commissioner appears to be erroneous, consult with the appropriate municipal officials in order that an appeal may be taken. The decision becomes operative as to the city when notice is received by the city treasurer. Notice fixes the rights of the city, which may accept the decision or seek to reverse it by an appeal — a remedy that we do not think becomes available until an actual notice is given to the treasurer. The simple and expedient method devised by the Legislature for the protection of the rights of the city in the proceeds of the corporate franchise taxes paid by corporations engaged there in the business of manufacturing and selling gas and electricity merely requires a notice to the city treasurer and to no other city official. Where a statute provides for the giving of a notice to or the filing of a statement with a designated municipal officer, the giving of a notice to or the filing of a statement with a different municipal officer is invalid; and this is so even though the officer designated by the statute to receive it knows that it has been given to or filed with some other municipal officer. *Tower* v. *Miller*, 211 Mass. 113. *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292. *T. Shea, Inc.* v. *Springfield*, 252 Mass. 571. *O'Connell* v. *Cambridge*, 258 Mass. 203. *Dooling* v. *Malden*, 258, Mass. 570. *Merrill* v. *Springfield*, 284 Mass. 260. *King* v. *Boston*, 300 Mass. 377. While the right to appeal does not accrue until notice has been given by the commissioner to the city treasurer, the city cannot be unduly delayed in asserting its claims by the failure of the commissioner to give such notice because he can be compelled to make a decision and notify the treasurer. *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336. *Milton* v. *Auditor of the Commonwealth*, 244 Mass. 93. *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxation*, 257 Mass. 43, 53. *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111. *Compton* v. *State Ballot Law Commission*, 311 Mass. 643, 660.

It follows that, no proper notice having been given to the city treasurer with reference to the proceeds of the taxes paid by the gas and electric companies in 1943, the

appeal to the board as to each of these two taxes must be dismissed.

We now pass to the right of the city to share in the proceeds of the 1944 tax paid by the electric company. The commissioner gave a written notice to the city treasurer by a form letter under date of November 13, 1944. The sufficiency of this notice is not open. It appears from the written opinion of the board that "both parties treated [this letter] as a notice of determination by the commissioner that there was nothing due the city on account of franchise taxes paid by the electric company for the year 1944." So far as this is a finding of fact it is final, and so far as it involved any issue of law it is not open because it is apparent that the commissioner did not raise the question before the board. "The court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." G. L. (Ter. Ed.) c. 58A, § 13, as amended. *Assessors of Boston* v. *Garland School of Home Making,* 296 Mass. 378. *Commissioner of Corporations & Taxation* v. *Boston Edison Co.* 310 Mass. 674. *Assessors of Boston* v. *Lamson,* 316 Mass. 166. *Assessors of Boston* v. *World Wide Broadcasting Foundation of Massachusetts, Inc.* 317 Mass. 598, 602. *Assessors of Boston* v. *Boston, Revere Beach & Lynn Railroad,* 319 Mass. 378.

The appeal to the board with reference to the 1944 tax was filed on December 14, 1944, a little more than a month after the notice of November 13, 1944. The commissioner contends that this appeal was not seasonably taken. Section 25 as it then stood provided for an appeal, but it did not fix the time within which an appeal should be taken. In such an instance an appeal must be effected within a reasonable time. *Brown* v. *Grow,* 249 Mass. 495, 499. *American Fireworks Co. of Massachusetts* v. *Morrison,* 300 Mass. 531, 533. What is a reasonable time is to be determined from the facts and circumstances of each particular case, including the time when a party first acquires knowledge of the facts upon which he bases his rights, the objects and purposes sought to be accomplished by a statute — if one is involved — requiring him to take certain action, and in

general whether due diligence has been exercised in taking the necessary action. *Loring* v. *Boston,* 7 Met. 409. *Stein* v. *Almeder,* 253 Mass. 200. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. *Murphy* v. *Gilchrist Co.* 310 Mass. 635. *Rogiers* v. *Gilchrist Co.* 312 Mass. 544. Where, as here, the facts are undisputed, the question whether the city has seasonably filed its appeal with the board is one of law. *Lewis* v. *Worrell,* 185 Mass. 572. *Orr* v. *Keith,* 245 Mass. 35. *Lincoln* v. *Croll,* 248 Mass. 232. *Palumbo* v. *Olympia Theatres, Inc.* 276 Mass. 84. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 8. No right of the Commonwealth has been impaired because the city did not file its appeal sooner. It has not been suggested that the Commonwealth has been prejudiced in any way. The board was of the opinion that the period from November 13, 1944, to December 14, 1944, was not an unreasonable time. We cannot say as matter of law that it was.[1]

In 1944 the North Boston Lighting Properties, which was organized under a declaration of trust, held one hundred thirty-one thousand seven hundred twenty-four shares of the one hundred forty thousand nine hundred seventy-six outstanding shares of the electric company. The board found that the North Boston Lighting Properties was a trust, managed and controlled by nine trustees, all of whom were residents of the Commonwealth, that the legal title to these shares was vested in the trustees, and that these shares were to be considered as held by resident stockholders in computing the division of the 1944 tax between the Commonwealth and the city. We perceive no error in these findings. *Williams* v. *Milton,* 215 Mass. 1. *Dunbar* v. *Broomfield,* 247 Mass. 372. *Greco* v. *Hubbard,* 252 Mass. 37. *Downey Co.* v. *Whistler,* 284 Mass. 461. *Commissioner of Corporations & Taxation* v. *Springfield,* decided this day.

The first two appeals filed with the board dealing with the proceeds of the 1943 corporate franchise taxes paid by the gas and electric companies must be dismissed, with costs, solely because they were filed prematurely. The amount

---

[1] See now St. 1945, c. 687, allowing an appeal within thirty days after the receipt of notice of the decision of the commissioner.

found by the board on the third appeal filed by the city as the proportionate amount due to the city from the corporate franchise tax paid in 1944 by the electric company was right, and this amount must be paid to the city with costs.

*So ordered.*