NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-739

MADELINE BANKS

vs.

MASSACHUSETTS BOARD OF HIGHER EDUCATION & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Boston police officer Madeline Banks, appeals from the Superior Court judge's dismissal of her complaint seeking declaratory relief from the Massachusetts Board of Higher Education (board) and the city of Boston, concerning her entitlement to benefits under G. L. c. 41, § 108L (Quinn Bill).[2]  Because we conclude, as the judge did, that Banks's complaint was not brought within a reasonable time, we affirm.

Discussion.  1.  Standard of review.  We review the judge's allowance of the board's motion to dismiss de novo.  Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 17

---

[1] City of Boston.
[2] Banks does not appeal the dismissal of her claims against the city.

(2018). "In considering whether a . . . complaint survives a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), [365 Mass. 754 (1974),] we accept as true the factual allegations in the complaint and the attached exhibits, draw all reasonable inferences in the plaintiff's favor, and determine whether the allegations 'plausibly suggest' that the plaintiff is entitled to relief on that legal claim." Id., quoting Galiastro v. Mortgage Elec. Registration Sys., Inc. 467 Mass. 160, 164 (2014).

2. Standing. As we note above, Banks is a Boston police officer. The Quinn Bill, as amended, entitles police officers who were "enrolled" in certain programs before January 1, 2004, to benefits. See G. L. c. 41, § 108L. Banks registered for classes in December 2003, but did not attend her first class until January 3, 2004. Banks's eligibility for benefits under the Quinn Bill turned on the interpretation of the term "enrolled." Before the board and then in the Superior Court, Banks argued that a person is "enrolled" in a program when they register for classes; the board argued that a person is only "enrolled" in a program once they begin classes.

We first address the board's argument that Banks did not have standing to bring a cause of action for declaratory relief predicated on the board's denial of her application for Quinn Bill benefits. We agree with the board to the extent it argues

2

that the Quinn Bill does not permit, either expressly or by implication, a private cause of action for individual police officers to challenge a certification determination by the board.  See G. L. c. 41, § 108L; Rooney v. Yarmouth, 410 Mass. 485, 492 (1991) (Quinn Bill "does not vest [in police officers] a personal, substantive, nonwaivable statutory guarantee that [they are] free to enforce judicially").  However, because "[a] plaintiff may seek the equitable remedy of declaratory relief . . . even if the relevant statute does not provide a private right of action," that does not end the inquiry.  Service Employees Int'l Union, Local 509 v. Department of Mental Health, 469 Mass. 323, 335 (2014).

"Among other controversies to which the declaratory judgment procedure is appropriate, it may be used to resolve disputes concerning the interpretation of an administrative regulation."  Frawley v. Police Comm'r of Cambridge, 473 Mass. 716, 724 (2016), citing G. L. c. 231A, § 2.  See Kain v. Department of Envtl. Protection, 474 Mass. 278, 281 (2016), quoting Santana v. Registrars of Voters of Worcester, 384 Mass. 487, 493 (1981), S.C., 390 Mass. 353 (1983) ("[A] dispute over an official interpretation of a statute constitutes a justiciable controversy for purposes of declaratory relief").  Here, Banks's complaint centered on the board's interpretation of the term "enrollment" in the Quinn Bill, as amended.

3

Therefore, we conclude that her request for relief in the form of declaratory judgment was permissible.[3]

3. <u>Statute of limitations</u>. We turn next to the parties' arguments regarding the applicable statute of limitations. First, we reject Banks's argument that the correct statute of limitations is the six-year time limit applicable to contract actions. See G. L. c. 260, § 2. There was no contract between Banks and the board; rather, Banks had a contractual relationship with the city in the form of a collective bargaining agreement, to which the board was not a party. The board's obligation to assess Banks's eligibility for Quinn benefits arose from its independent statutory authority, not any contract with Banks or the city. See G. L. c. 41, § 108L. Thus, the statute of limitations for contract actions does not apply.

Second, in light of our conclusion that Banks's action for declaratory relief was appropriate, we reject the board's assertion that Banks's complaint was untimely because it was not brought within the thirty-day statute of limitations for actions for judicial review, see G. L. c. 30A, § 14, or the sixty-day

_____

[3] To the extent that the board argues that an individual aggrieved by an agency decision but without a private cause of action was limited to relief through a civil action in the nature of certiorari under G. L. c. 249, § 4, we are not persuaded.

4

statute of limitations for petitions for certiorari, see G. L. c. 249, § 4. The declaratory judgment act does not impose a statute of limitations, see G. L. c. 231A, § 2, so the motion judge was "left to importing a reasonable time [limit]."[4] Trust Ins. Co. v. Commissioner of Ins., 48 Mass. App. Ct. 617, 625 (2000). "What is a reasonable time is a question of law that a court determines 'from the facts and circumstances of each particular case, including the time when a party first acquires knowledge of the facts upon which he bases his rights, . . . and in general whether due diligence has been exercised in taking the necessary action.'" Id., quoting Commissioner of Corps. & Taxation v. Malden, 321 Mass. 46, 51-52 (1947).

Here, as the judge noted, Banks first received notice of the board's rejection of her application in 2006. She was then prompted to renew her request in 2014, but the board's decision remained the same, as the board told Banks by email message dated December 21, 2016. Banks did not file her complaint seeking declaratory relief in the Superior Court until 2020. Relying on this timeline, the judge determined that "neither more than twelve years, nor close to six years, is a 'reasonable

---

[4] We reject Banks's argument that "[b]y requiring the case to be brought in a 'reasonable time,' the Superior Court appears to have been invoking the doctrine of laches." Rather, we understand the judge to have been referring to the statute of limitations for seeking declaratory relief.

5

time' to wait before mounting a Superior Court declaratory judgment challenge to an administrative decision."[5]  Reviewing this decision de novo, we agree with the judge's analysis and find that Banks's complaint was untimely because it was not brought within a reasonable time.  See Trust Ins. Co., 48 Mass. App. Ct. at 626; Cumberland Farms v. Montague Economic Dev. & Indus. Corp., 38 Mass. App. Ct. 615, 622 (1995).

Judgment affirmed.

By the Court (Blake,
  Massing & Hand, JJ.[6]),

Joseph F. Stanton

Clerk

Entered:  November 22, 2023.

[5] Alternatively, Banks asserted that the statute of limitations did not begin to run until December 2017, when the arbitrator refused to take jurisdiction over Banks's request to obtain alternative non-Quinn Bill benefits.  However, the judge rejected this as the relevant date because "[t]here has been no record change in circumstances since [2014]."  Still, even if we assume arguendo that the statute of limitations did not begin to run until December 2017, we conclude that close to three years was an equally unreasonable amount of time to wait under the circumstances.

[6] The panelists are listed in order of seniority.